FIELD & BEARDSLEE, Defendants in Error, *vs.* LIVERMAN, Plaintiff in Error.

1. Upon the trial of an issue as to the fraud of the defendant in an attachment suit, evidence of the statements of a third person, in whose favor the defendant had confessed a judgment, was held admissible against the defendant, where the plaintiffs offered to prove, and afterwards did prove, that such third person, under circumstances which tended to show a connivance with the defendant, ordered the sheriff to suspend a levy of the execution issued upon the judgment so confessed, and that it was kept suspended until the writ of attachment was issued.

2. It is a fraudulent disposition of property, within the meaning of the attachment act (R. C. 1845) for a person to confess a judgment with intent

Field & Beardslee *v.* Liverman.

to hinder and delay his creditors, by having his property held up under an execution issued upon the judgment. Where the plaintiff in an execution directs the sheriff to suspend a levy until further orders, and keeps it suspended until crowded by younger executions or attachments, his execution will be held constructively fraudulent against such subsequent executions or attachments.

### *Error to St. Louis Court of Common Pleas.*

This was a suit by attachment begun October 22, 1851, on an account amounting to $279 41, for ready made clothing sold by the plaintiffs, who were wholesale dealers, to the defendant, who was a retail dealer. The grounds of attachment alleged in the affidavit were, that Liverman was about to remove his property out of the state ; that he had fraudulently conveyed his property ; and that he was about to conceal or dispose of his property so as to hinder and delay his creditors. Defendant filed his statutory plea traversing each of these allegations. Upon the trial of the issues thus made, the plaintiffs, after introducing some evidence tending to sustain the allegations of fraud, offered to prove by Archibald Young certain statements of Julius Mitchell, in 1849, to which the defendant objected. The plaintiffs then offered in evidence a confession of judgment made by defendant in favor of Mitchell, for $970, dated July 6, 1850, and an execution of same date, with the sheriff's return thereon ; and upon the declaration of the plaintiffs that they intended to show a levy of this execution upon defendant's goods, and a stay of proceedings by Mitchell's directions, the court permitted the witness, Young, to go on and state his conversations with Mitchell.

David H. Bishop, a witness for plaintiffs, testified that he was deputy sheriff of St. Louis county in the fall of 1850 ; that when he went to the store of defendant to levy Mitchell's execution, he found Mitchell there, who, after some conversation with the defendant, instructed witness to suspend a levy until further orders ; that nothing was done under Mitchell's execution, until the attachment in this suit was placed in the hands of the sheriff, when Mitchell directed a levy.

It was further shown that Mitchell was a brother-in-law of the defendant.

The defendant offered evidence tending to show that Mitchell had made advances to him to assist him in his business. He also offered evidence to show various payments by him to his creditors between July and October, 1850, which last was excluded by the court.

The plaintiffs then asked the following instructions, which were given by the court:

1. If the jury believe from the evidence that, at the time the writ of attachment was sued out in this case, defendant was about to remove his property out of the state, or that he had fraudulently conveyed his property, or was about to conceal or dispose of his property and effects fraudulently, so as to hinder or delay his creditors, then, in either case, the jury ought to find for the plaintiffs.

2. If the jury believe from the evidence, that the judgment and execution given in evidence were confessed and sued out for the purpose of covering the property of the defendant for his use from his creditors, or partly for such purpose, as well as for securing an indebtedness to Mitchell, then, in either case, the jury ought to find for the plaintiffs.

3. If the jury believe from the evidence, that Mitchell directed the sheriff not to levy his execution until he should direct him, and did not direct him to levy until he learned of the issuing of the attachment of Field & Beardslee, from this, together with the lapse of time since the issuing of the execution, the jury may infer that the object of the judgment and execution was, at least in part, to cover the property of the defendant for his use from his creditors.

4. Evidence that produces in the minds of the jury a reasonable satisfaction or belief of fraud will warrant their verdict thereof, and fraud may be proved by circumstantial as well as direct evidence.

To the giving of these instructions the defendant excepted.

For the defendant, the court gave the following instructions:

Field & Beardslee *v.* Liverman.

The jury are instructed by the court, that there are the following issues in this case: 1. Whether Liverman, at the time of the issuing of the attachment in this case, was about to remove his property and effects out of this state with the intent to hinder or delay his creditors.   2. Whether Liverman, at said time, had fraudulently conveyed his property so as to hinder or delay his creditors.   3. Whether Liverman, at said time, was about to conceal or dispose of his property or effects fraudulently, so as to hinder and delay his creditors, and in the consideration of this case, the jury are confined to the foregoing issues, and must find their verdict thereunder.   No other charges of fraud can be regarded by the jury, than those specified in the affidavit of the plaintiff for the said attachment.   Therefore, if the jury believe from the evidence that the defendant was not about to remove his property and effects out this state with intent to hinder or delay his creditors, that the defendant had not fraudulently conveyed his property with intent to hinder or delay his creditors, and that defendant was not about to conceal or dispose of his property or effects fraudulently, so as to hinder or delay his creditors, then the jury are instructed that it is their duty to find for the defendant.

3. The jury are instructed that the frauds charged by the plaintiffs in this case, must be proved by evidence satisfactory to the jury, and the burden of such proof of fraud devolves upon the plaintiffs.

4. The jury are instructed that the confession of judgment is *prima facie* good and genuine, and the same is to be so regarded by the jury in their consideration of this case, unless it is proved to their satisfaction to have been otherwise.

5. The defendant had a lawful right, upon finding himself involved in debt, to prefer any one creditor to the exclusion of all the others, and it is no evidence of fraud for a debtor to make such preference.

6. The defendant had a lawful right to give to Mitchell the confession of judgment upon the consideration specified in the confession, and, although such confession of judgment should

15—VOL. XVII.

operate as a preference in favor of Mitchell over other credi-tors, that is not any evidence of fraud on the part of the de-fendant.

And the court refused the following, asked by defendant, to which refusal defendant excepted :

1. Evidence of verbal admissions or ,conversations at a dis-tant period of time, is always to be received by a jury with great caution. Experience proves that very slight variations in the form of expression will change the sense entirely.

2. If the jury believe from the evidence, that the confession of judgment by the defendant to Julius Mitchell, was for just indebtedness, then the said Mitchell had the lawful right to issue said execution thereon, and to stay the levy thereon as long as he thought fit, and such acts of Mitchell, in staying the execution, at the request of the defendant, is no evidence of fraud, as charged against the defendant.

On its own motion, the court gave the following :

If the jury believe from the evidence, that the confession of judgment in favor of Mitchell was made in good faith to secure the indebtedness of defendant to Mitchell, and not to cover up the defendant's property in whole or in part, so as to hinder and delay or defraud other creditors of the defendant, and that the execution placed in the sheriff's hands was not levied from time to time, in consequence of the direction of Mitchell not to levy until further directions, and that the design of the parties, in delaying the levy, was not to defraud or hinder and delay the other creditors, or to cover up the defendant's property for the defendant's use, then said judgment and execution, although the design was to give Mitchell a preference, if that was the sole design, were not fraudulent within the meaning of the attachment act. .

In order to ascertain what weight should be given to testimo-ny, the jury should consider the ability of the party to know and recollect what he testifies about. When the testimony is concerning verbal admissions or conversations, which occurred at a distant period of time, the jury should carefully consider

Field & Beardslee *v.* Liverman.

whether the witness probably understood said admissions or conversations correctly, and whether he has remembered them correctly.

Defendant filed his motion for a new trial, which being overruled, he brings the case here by writ of error.

*B. A. Hill,* for plaintiff in error. 1. The judgment, execution and order not to levy are no evidence that defendant was about to remove his property, that he had fraudulently conveyed it, or that he was about to conceal and dispose of it. 2. The second and third instructions of the plaintiffs were improperly given, for the reason that the confession of judgment, issue and stay of execution, are no evidence of any fraud, unless the judgment was not *bona fide,* of which there is no evidence. Mere indulgence by an execution creditor to his debtor is no evidence of fraud. Those instructions were calculated to mislead the jury, by authorizing them to find fraud from the stay of execution. The other instructions given do not so qualify those of the plaintiffs as to place the law properly before the jury. 3. The court erred in excluding the evidence offered by defendant to show the amount of money paid by him on his debts from July until October, 1850. Whatever goes to the intent of a party charged with fraud is material. 3. The court erred in admitting the testimony of the conversations of Julius Mitchell and Archibald Young, in 1849.

*Todd & Krum,* for defendants in error. The court did not err in refusing to grant the motion for a new trial. 10 Mo. Rep. 515. 13 ib. 455. 17 J. R. 274. 1 Kirby's Rep. 60–62. 7 Conn. Rep. 116-119. 10 Serg. & Raw. 55.

RYLAND, Judge, delivered the opinion of the court.

From the above statement of the facts in this case, it will be seen, that the propriety of the ruling of the court below, in admitting and in refusing evidence, and in giving instructions

and in refusing to give instructions, is before this court for consideration.

1. The defendant objected to the testimony of a witness in relating what one Julius Mitchell had said to witness about Liverman and his business. The plaintiffs then proved, that Mitchell was the brother-in-law of Liverman; that Liverman had confessed a judgment to Mitchell for some nine hundred dollars; that execution issued on the same; and, upon the plaintiffs stating to the court, that they expected to prove that the defendant's property had been levied upon under this execution in favor of Mitchell, and held up under it, the court permitted the witness to testify in relation to what Mitchell said. There is no error in this. In cases where fraud is charged, a greater latitude is given to parties to interrogate witnesses and to bring before the jury facts and circumstances seemingly irrelevant, but which may ultimately form a link in the mesh that incloses the transaction and gives it character. I should have had no objection to the admitting of the testimony which the defendant offered showing the payment of debts; yet for the refusing to permit this, this court will not reverse. As to the ruling of the court below, then, in admitting and refusing evidence, this court is not inclined to pronounce the same erroneous.

2. The instructions will next demand our consideration. The court, as will be seen from the above statement, gave for the plaintiffs four instructions. There can be no serious objection to the 1st, 2d and 4th given for plaintiffs. The third instruction becomes the point on which the case turns. The defendant below, the plaintiffs in error, contends that this instruction is not the law, and that the court was not authorized to give it. The instruction brings before the jury the conduct of Mitchell and the defendant in regard to the confession of the judgment, issuing of execution, and the direction to the sheriff, not to levy it until he got further orders; this, too, after the defendant had been informed by the sheriff of his having the execu-

tion against him in his hands, and after defendant talks with Mitchell privately about the business; then Mitchell, in the presence of defendant, gives orders to the sheriff not to proceed until he should direct him.   The law upon this subject has been decided to be, that, where a plaintiff shall direct the sheriff to hold up his execution, not to sell nor proceed to make the money until he shall give further orders, and until he shall find younger executions crowding in, such acts render the execution dormant and fraudulent as to subsequent executions. The instruction marked as third, given for the plaintiffs, coupled with the instruction given by the court of its own motion, on the same subject, in the opinion of this court was legal and proper.   It placed the transaction fairly before the jury, and declared the law as favorably for the defendant as was consistent with propriety.   See 17 Johns. Rep. 273.   5 Cowen, 393.

There was no error, then, in the court below, and its judgment must be affirmed.   The other Judges concurring herein, the same is affirmed.