GABRIEL PARKER *et als.*, Plaintiffs in Error, *v.* J. H. WAUGH, Sheriff, *et als.*, Defendants in Error.

*Practice—Motions—Error.*—The Supreme Court in reviewing the decisions of inferior courts on motions, does not require that the points of law determined should be specifically stated in the bill of exceptions, nor that a motion for a new trial should have been made.

*Executions—Priority—Fraud.*—Where the plaintiff in an execution levied upon personal property, directs the sheriff to allow the defendant to retain possession, such execution will be constructively fraudulent and void as to subsequent executions levied upon the same property, and which thereby obtain priority of payment.

*Error to Boone Circuit Court.*

*Prewitt, Gordon, Shields,* and *Samuel,* for plaintiffs in error.

I. The written order of Kirkbride to the sheriff, directing him to deliver the property to the defendant in execution, was sufficient to destroy the lien of his execution, and no orders or directions of the said Kirkbride could afterwards affect the rights of plaintiffs in error, or divest them of the lien which attached under and by virtue of their execution on said property. (Wise v. Darby, 9 Mo. 130.)

II. That the redelivery of the slaves levied on to Laforce after the levy, and permitting them to remain in his

possession without a delivery bond, under the written order of Kirkbride, was a fraud sufficient to destroy any prior lien or preference Kirkbride's execution had over that of the plaintiff. (Storm & Beekman v. Woods, 11 John. 110.) If a creditor cause the goods of his debtor to be seized by a *fieri facias* and suffer them afterwards to remain in the possession of the debtor, the execution will be deemed fraudulent and void against a subsequent execution. (Whipple v. Foot, 2 Johns. 422; Farrington & Smith v. Sinclair, 15 Johns. 428; 2 Tenn. 287, 596; 1 Wils. 44; 1 Camp. N. P. 333; Doty v. Turner, 8 John. 20.)

*Jo. Davis,* for defendants in error.

I. The record shows that the case was tried by the court; that no evidence was objected to by either party in the trial; that no instructions were asked or given by the court, neither was there a motion made for a new trial. There is no case here for the revision of this court. (Fugate & Kelly v. Muir, 9 Mo. 351, and cases there cited.)

II. There was no cause of complaint in the finding of the court below. The waiver of a prior lien created by execution, when the plaintiff agrees to a delay or postponement of proceedings under his execution, implies a fraud in law upon the junior execution creditor; but that implication may be removed and explained away by other testimony, and was in this case. The sheriff never having complied with the terms and conditions of the proposition to postpone the sale under the prior executions, the court might well find that there was, in fact, no agreement to postpone or suspend the sale, and that the sheriff acted upon his own responsibility. (9 Mo. 131, and cases therein referred to.)

BATES, Judge, delivered the opinion of the court.

On the 15th November, 1862, Waugh, the sheriff of Boone county, had in his hands five executions issued by the clerk of the Boone Circuit Court against Laforce, which, on that day, he levied upon twenty-one slaves of Laforce. Two of

these executions—one in favor of Prewitt, and the other in favor of Bradford—were satisfied by a sale of real estate, and will not be further considered in this case. The others were, one in favor of Kirkbride upon a judgment for $5343.17 ; one in favor of Hardin for $557.30 ; and the other in favor of Orear for $249.19. On the same day Kirkbride gave the sheriff the following letter : " I hereby authorize James H. Waugh, sheriff of Boone county, Missouri, to let the personal property levied upon under an execution issued by the clerk of the Boone Circuit Court, in my favor, against Felix G. Laforce, remain in his hands, at my wish, without taking a delivery bond for the same, so far as my execution goes, which levy was made by said Waugh on the 15th day of November, 1862. Witness my hand, this 15th day of November, 1862.—J. Kirkbride." On the 28th of November, 1862, there were delivered to the same sheriff two other executions against Laforce, one in favor of Parker and Henry, upon a judgment for $1261.65 ; and the other in favor of Carter, upon a judgment for $220.36. The sheriff advertised the slaves for sale, on the 21st of February, 1863, under the first executions, and a few days before that time fixed for the sale, Kirkbride, Orear, and Hardin, authorized the sheriff to stay proceedings under their executions, upon certain conditions. There is dispute whether the conditions were performed or not, but the sheriff thinking that they were, returned the slaves to Laforce. In the view we take of the case, it is of no importance whether they were performed or not.

On the third day of March, 1863, the sheriff levied the two executions of Parker and Henry, and of Carter, upon the same slaves, which were advertised and sold under all the executions, on the 24th day of March, 1863, for $4782.50.

At the May term, 1863, of the Boone Circuit Court, Parker, Henry, and Carter, moved the court for a rule upon the sheriff, requiring him to pay their executions out of the proceeds of the sale of said slaves ; and, upon the hearing of that motion, gave evidence of the matters above recited.

The court overruled the motion, and the plaintiffs brought the case to this court.

1. It is insisted that this court cannot review the decision of the Circuit Court upon a motion, because there were no objections to testimony on instructions or declarations of the law applicable to the case asked, and no motion for a new trial made. It has not been the practice of this court in reviewing the decisions of other courts upon motions, to require that the points of law determined should be specifically stated, or to require that a motion for a new trial should have been made. There is no great or controlling necessity for such requirements, and the establishment of such a rule would produce so much of trouble, and frequently of hardship and injustice, as to forbid that we should now begin such practice.

2. The order of Kirkbride to the sheriff on the 15th November, 1862, to let the property levied on remain in the hands of Laforce, caused his execution to become dormant, and constructively fraudulent and void, as against the subsequent executions. (Wise v. Darby, 9 Mo. 130; Field & Beardslee v. Livermore, 17 Mo. 218.) The plaintiffs' executions are, therefore, entitled to satisfaction out of the proceeds of the sale of the slaves before that of Kirkbride ; and as the fund is sufficient to satisfy the executions of Orear and Hardin, as well as those of the plaintiffs, there is no necessity to look further into the case, for though Orear and Hardin may be entitled to precede the plaintiffs, yet they can suffer no injury, because Kirkbride is postponed to the plaintiffs. The case does not warrant that we should give any opinion upon the relative rights of Kirkbride, Orear, and Hardin.

The judgment of the Circuit Court is reversed and the cause remanded.