C. C. Rainwater *et al.*, Appellants, v. A. Faconeso-
wich, Respondent.

St. Louis Court of Appeals, January 31, 1888.

1. Attachment—Informality no Fraud.—The quashing of execution
on a judgment confessed, for informality in the confession, is no
evidence of an attempted fraudulent disposition of the debtor's
property, within the provisions of the attachment laws.

2. ———— Fraud—Improper Direction to Jury.—In an issue under
attachment proceedings, upon the alleged fraudulent disposition of
the defendant's property, upon evidence being introduced tending
to show that the defendant confessed judgments on a series of notes
made with a view of confessing judgments thereon—some of them
without consultation with the creditors secured thereby ; that they
bore interest from date and the dates were selected at random ; that
there was a very large discrepancy between the value of the de-
fendant's property, as stated by himself, and its ascertained value,
and that large quantities of goods were removed from the defend-
ant's store, immediately before the confessions, it is error to
withdraw such evidence from the jury and to direct a finding for
the defendant.

Appeal from the St. Louis Circuit Court, Hon.
Shepard Barclay, Judge.

*Reversed and remanded.*

Frank Hicks, for the appellants:  The making of
an invalid confession of judgment and procurement of
an invalid levy thereunder upon his goods by a debtor,
affords ground for attachment.  *Field v. Liverman*, 17
Mo. 218 ; *Bullene v. Smith*, 73 Mo. 161, 162.   The next
proposition is that a disposition of property by a debtor,
which is constructively fraudulent, is a ground for at-
tachment equally as well as a disposition which is fraudu-
lent in fact.  *Reed v. Pelletier*, 28 Mo. 173 ; *Douglas v.
Cissna*, 17 Mo. App. 44 ; *Foster v. Planing Mill*, 16 Mo.
App. 150.   The wrongful and illegal acts of defendant

worked to hinder and delay his creditors ; this being so, his actual intent or motive becomes immaterial. The law conclusively presumes he intended the consequences of his act. His act falls within the primary definition of fraud, which is that it consists of unlawful conduct which operates prejudicially to the rights of others. Bump on Fraud. Con. ( 3 Ed. ) 19. Though the debtor attempted to do that which is not unlawful (such as preferring a creditor ), yet if the mode adopted was illegal and its effect was to hinder and delay creditors, this constitutes a constructive fraud which gives ground for attachment. *Foster v. Mullanphy Planing Mill*, 16 Mo. App. 150 ; *Kramer v. Wilson*, 22 Mo. App. 173 ; *Singer v. Goldberg*, 17 Mo. App. 549.

EBER PEACOCK, for the respondent: Fraud, it has long been understood, is to be proved, not to be conjectured, and while there may not be positive proof of a fraudulent purpose, yet the circumstances showing evidence must exclude the idea of innocent conduct and necessarily point to an illegal act. *Sibley v. Hood*, 3 Mo. 290 ; *Bryan v. Hitchcock*, 43 Mo. 527 ; *Bemecker v. Miller*, 44 Mo. 102 ; *Chandler v. Freeman*, 50 Mo. 239 ; *Priest v. Way*, 87 Mo. 16.

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs sued out a writ of attachment against defendant's property stating in their affidavit as grounds for the attachment, among others :

(1) That the defendant had fraudulently conveyed and assigned his property so as to hinder and delay his creditors.

(2) That the defendant had fraudulently concealed, removed, and disposed of his property and effects so as to hinder and delay his creditors.

Upon a trial of the plea in abatement, the court instructed the jury that the plaintiffs were not entitled to recover, and the jury thereupon brought in a verdict for defendant. This instruction of the court is complained.

of as error by the plaintiffs appealing, and the only question presented for our consideration is, whether the court erred in not submitting plaintiffs' evidence to the jury.

Upon the trial below the plaintiffs gave evidence tending to show that the defendant, on the third and fourth of March, 1885, made fourteen informal confessions of judgment before a justice of the peace, aggregating $2,220; that executions were issued upon such judgments forthwith, and the defendant's property seized and sold thereunder; that these executions were subsequently, under proceedings in equity instituted by the plaintiffs and others, adjudged illegal and of no effect, for the reasons stated in *Loth v. Faconesowich*, 22 Mo. App. 68.

The plaintiffs also gave evidence tending to show that, shortly prior to the time of confessing these judgments, the defendant had stated that he had stock on hand to the amount of eight thousand dollars, and good accounts to the amount of fifteen hundred dollars; and that his total indebtedness amounted only to two thousand dollars. The indebtedness of the defendant, as shown by these informal confessions of judgments, was twenty-two hundred dollars at the time, exclusive of other indebtedness shown to the amount of $1,523, showing an aggregate debt of at least thirty-seven hundred dollars. The sale of defendant's entire stock, which, so far as shown, was all his property, exclusive of some book accounts, realized $1,370 only.

There was also evidence tending to show that shortly before these confessions of judgment were made, some wagon-loads of boxes or trunks, apparently heavy, were taken away from the store of the defendant, himself and his son assisting in the removal. Also that the defendant sold out another store he had to one of his creditors for six hundred dollars, of which amount he received three hundred dollars in money and three hundred dollars by the satisfaction of an indebtedness.

The attachment in this case was levied March 6, 1885.

The propositions maintained by the appellants on this appeal are :

(1) That the executions issued upon the attempted confession of judgment having been set aside as null and void, on proceedings instituted for that purpose, to which both plaintiffs and defendant were parties, that fact of itself is conclusive evidence of an attempted fraudulent conveyance by defendant of his property.

(2) That beyond this there is substantial evidence of fraud in the case which the plaintiffs were entitled to have submitted to the jury for their finding.

The first proposition is not tenable. This court in *Loth v. Faconesowich, supra*, decided that the confessions of judgment attempted by the defendant were informal, and would not support the executions issued thereon, regardless of any good faith in the transaction. That a fraudulent confession of a judgment, with a view of having an execution issued thereon, is a fraudulent conveyance or disposition of the debtor's property so as to subject him to proceedings by attachment, is conceded. *Field v. Liverman*, 17 Mo. 218. But it does not follow that a confession of judgment, made in good faith, is fraudulent in law, because, owing to some informality therein, the judgment itself is invalid. We are referred to no case which goes to the extent that an attempted disposition of a debtor's property, by an instrument which is formally insufficient to convey it, although executed in good faith, will subject him to proceedings by attachment on the ground of an attempted fraudulent disposition of his property.

The second exception, however, is well taken. The record of the case in *Loth v. Faconesowich*, which was in evidence, tended to show facts from which the jury were warranted to infer an attempted disposition of the defendant's property with intent to hinder or delay his creditors. These confessions were made on a series of notes made with a view of confessing judgment thereon.

The notes were made in many instances without consultation with the creditors secured, their dates were chosen at random, and all, with few exceptions, bore interest from date at rates of eight and ten per centum per annum.

The defendant's evidence furnished some explanation of this unusual transaction, but it was for the jury and not for the court to say whether the explanation thus furnished was satisfactory.

In conjunction with the above the discrepancy in the value of defendant's property, as stated by himself, and its value as shown by a sale shortly subsequent, furnished some inferential evidence of the disposition or concealment of part of it, sufficient at least to shift the burden of proof, and the removal of goods from defendant's store in large quantities immediately preceding these confessions was another circumstance calling for explanation.

We have held at the present term, in *Desberger v. Harrington*, 28 Mo. App. 632, that circumstances far less indicative of a fraudulent intent than those shown in the present case, justified the court in submitting the question of fraud to the jury, and must, therefore, conclude that the court erred in refusing to do so in this case.

Judgment reversed and cause remanded. All the judges concur.