GEORGE BRUCE, Plaintiff in Error, *v.* JOHN C. VOGEL, Defendant in Error.

1. *Practice — Supreme Court* — The Supreme Court will review the decisions of inferior courts upon motions, although the point of law be not specifically stated in the bill of exceptions, nor a motion for a new trial made.

2. *Judgments—Liens.* — All judgments entered upon the same day have equal effects as liens, and one is not entitled to priority over the other.

3. *Judgments — St. Louis County — Liens.* — All judgment abstracts received and entered upon the same day, by the clerk of the St. Louis Land Court, are equal in effect as liens, although one be numerically entered before another upon the abstract book—R. C. 1855, p. 1594, § 13.

4. *Judgment Liens—Executions—Priority.*—Where judgments have equal effect as liens upon the real estate of the judgment debtor, the creditor who first levies his execution upon the lands subject to the lien, thereby acquires a priority, and is entitled to be first paid out of the proceeds of the sale.

5. *Judgment Liens — Executions.* — Where lands are sold under junior judgments, the title to the land passes subject to the liens of all prior judgments, and the money realized from a sale under a junior judgment cannot be applied to an execution issued upon an elder judgment.

*Error to St. Louis Circuit Court.*

*C. F. Burnes*, for plaintiff in error.

I. The liens of judgment in St. Louis county have priority only according to the time of their respective entries in the book of abstracts of judgments kept in the office of the clerk of the Land Court—R. C. 1855, p. 1594, § 13.

II. The four judgments rendered on the 2d day of October, 1860, abstracted in the office of the clerk of the Land

Court on the 6th day of the same month, must have equality of lien. There can be no division of a day.

III. The judgment in favor of Garesché was rendered and filed in the office of the clerk of the Land Court prior to either of the others mentioned in the record, and, being a prior lien, is not entitled to any of the money realized by the sale under the junior judgment, but the purchaser takes the real estate subject to the lien of this prior judgment.

*Krum & Decker*, for defendant in error.

I. There is no final determination of the rights of parties in this case. The writ of error will have to be dismissed— Adams v. Trigg, 25 Mo. 190.

II. The Supreme Court will not review the action of the Circuit Court, where the Circuit Court refused to entertain a motion against the sheriff—Ladew v. Spalding, 17 Mo. 159.

III. The Circuit Court properly overruled Bruce's motion.

*a.* The sheriff ought not to be subjected to the annoyance and harassment of a litigation, without being summoned as other defendants.

*b.* Bruce was not entitled to the proc eeds of the sale un der the Brown execution, nor to any part thereof. The amount realized was not sufficient to cover the Brown exe- cution, under which the levy and sale had been made. No levy was made under Bruce's execution.

At common law, neither judgments nor executions were liens on the land of the judgment debtor; they became so by statute (Westm. 2, 13 Edw. I. C. 18), but were limited to those lands of which defendant, or some one to his use, was seized (in possession)—3 Bl. Com. 418; Tidd Prac. 850, and cases there cited.

By our statute (1855) judgments are liens on the " real estate" (R. C. 1855, p. 902,) and *inter sese* all of equal force rendered at the same term. But by act applicable to St. Louis, "no such judgment shall be a lien until filed in Land Court office, in abstract book; and the liens of all judgments entered in said book, as provided for in this act, shall have

priority according to the period of time of their respective entries in said book."

The part of the statute above quoted is an amendment passed by the Legislature after the case of Dunscomb v. Maddox, 21 Mo. 144, and intended to remedy or change the law as decided by that case. So that there should be a priority in favor of the earliest judgment entered on the abstract—Laws 1852–3, p. 90, § .14, interpreted by Dunscomb v. Maddox, 21 Mo. 144; R. C. 1855, p. 1594, § 13.

The proceeds must be applied to the execution under which the levy and sale were made. The statute gives a lien to a judgment creditor, but he must prosecute this lien; and he may lose it by neglect, or lose his preference by the superior diligence of another execution creditor.

Here Bruce had rested on *nulla bona* returns since 1861—Smith v. Lind, 29 Ills. 28, and cases cited. Brown levies on an equitable interest in land, of which Ladew is not in possession, and of which he has not the legal title. The title is in one Wood. A purchaser from Wood in good faith would be protected against judgment creditors of Ladew, notwithstanding that judgments agaist Ladew are liens: so will a party who, by superior diligence, hunts up an equitable interest and levies upon it, be preferred to one who lies idle upon a mere lien.

If the proceeds go to any other execution than Brown's, then it is to Garesché's execution, also in the sheriff's hands; the judgment being eldest in time in the Common Pleas, and first abstracted.

WAGNER, Judge, delivered the opinion of the court.

This is a writ of error, prosecuted from an order overruling a motion made by plaintiff, to require the sheriff of St. Louis county to pay over certain moneys in his hands, upon an execution in plaintiff's favor.

The record discloses the following facts: P. B. Garesché obtained judgment against Augustus P. Ladew, in the Court of Common Pleas, on the 1st day of October, 1860, which

judgment was abstracted in the Land Court on the 5th day of October, 1860. On the 2d day of October, 1860, four judgments were rendered in the Circuit Court against Ladew; one in favor of plaintiff; one in favor of James Woods and others; one in favor of Lucien Hart, and the other in favor of James R. Brown, all of which were filed and abstracted in the office of the clerk of the Land Court on the 6th day of October, 1860.

By the act establishing the St. Louis Land Court, no judgment rendered by any court in St. Louis county operated as a lien on real estate in said county until an abstract of the judgment was entered in a book kept by the clerk of the Land Court; and the liens of all judgments entered in the book with the clerk, according to the act, had priority according to the period of time of their respective entries. Ladew, the judgment debtor, was apparently insolvent, as executions were issued on the foregoing judgments shortly after their rendition, and returned by the sheriff *nulla bona*.

Garesché and Brown assigned their judgments to one Prince, and Prince's attorney caused an execution to be issued on the Brown judgment on the 18th day of July, 1863, with directions to the sheriff to levy on and sell the right, title and interest of Ladew in a certain piece of real estate in the city of St. Louis.

The sheriff made the levy and advertised the property for sale on the 21st day of July, and sold the same on the 14th day of August ensuing, for the sum of $1,175, not sufficient to pay off the execution.

Bruce, the plaintiff, had execution issued and placed in the hands of the sheriff on the 23d day of July, and Hart, Wood, *et al.*, and Prince as assignee of Garesché, had execution issued on their several judgments and placed in the hands of the sheriff on the 13th day of August. All of these executions, it will be seen, were issued and received by the sheriff after the levy was made, but before the sale took place. Motions were made in all the cases in the court below, asking that the money should be applied to each execution *pro*

*ráta*, except that it was moved in the Garesché judgment for all the money, if it was to be distributed, as that had priority.

The counsel for the defendant in error insists that the writ of error should be dismissed, because an order overruling a motion is not such a judgment as the law contemplates that an appeal or a writ of error should be taken from. But this court has held that it will review the decisions of inferior courts on motions, although the points of law determined should not be specifically stated in the bill of exceptions, and no motion for a new trial made—Parker v. Waugh, 34 Mo. 340. In this case the points of law are sufficiently preserved, and a motion for a new trial was regularly made and overruled.

Nor is the other position taken by the same counsel maintainable, that the judgment in favor of Brown is entitled to priority, because it was numerically entered first in the abstract book kept by the clerk, though they were all received on the same day and at the same time. Such a doctrine would be contrary to reason, and might be productive of manifest injustice. A creditor might have obtained his judgment first, and have been the first on the same day to have filed his abstract, and yet the clerk might put some other one ahead on the book. In such a case it would be a great wrong and hardship to say that he should be postponed. But we are relieved from all these refinements. As the statute provides for no fractions of a day, it follows that all judgments entered on the same day have equal rights, and one cannot claim priority over another.

The ground assumed, that if the money cannot be retained on the execution issued on the judgment rendered in favor of Brown, then it should be applied wholly to the discharge of the execution issued on the Garesché judgment, is equally untenable. The statute fixes this point beyond controversy. Where land is sold under a junior judgment or decree, the title of the defendant passes, subject to the lien of all prior judgments or decrees then in force, and the money arising

from such sale shall be applied to the payment of the judgment or decree under which it may have been made—2 R. C. 1855, p. 904.

The question remains whether, where there are judgments that are equally liens, and one of the judgment creditors, by his superior diligence, finds property subject to levy and has his execution levied thereon, he shall enjoy the benefit of his industry; or, may the other creditors come in and share *pro rata* with him, although their executions were not issued till after the levy had been made and no sale had by virtue of them?

There is a difference between liens on real estate and on personal property. Executions constitute the lien upon personalty, and the priority of the liens is determined by the time of their delivery to the officer. On the other hand, it is the judgment which constitutes the lien upon real estate, and the priority once acquired can never be lost by want of diligence, or otherwise, on the part of the plaintiff. This is not a question here as to whether the sheriff performed his duty in omitting to levy and sell under all the executions in his hands. It is plain that he did not do so, and if any of the judgment creditors have any claims against him on that account, they must seek their remedy in a different way. The statute of Mississippi makes all judgments liens on the property of the defendant from the time of the entering of the judgment, and it has been decided on this statute that in a contest between two judgment creditors, whose judgments are of the same day, the one who first procures a levy and sale, or who first sues out execution and begins to execute, gains a priority—Bumley v. Boyett, 1 How., Miss. 39.

In Adams v. Dyer, 8 Johns. 387, there were two judgments, one in favor of A., and the other in favor of B., against the same defendant. The date of the liens of the judgment was the same. A. took out the first execution, and under it the debtor's land was advertised for sale. After such advertisement, and before the sale, an execution was issued on B.'s execution. The land was afterwards sold on A.'s execution.

It, was held that A. was entitled to the preference. This case is precisely in point with the one under consideration, and has been repeatedly followed — Waterman v. Haskin, 11 Johns. 228 ;. Michales v. Boyd, 1 Carter Ind., 259 ; Rockhill v. Hanna, 15 How., U.. S. 189 ; Smith v. Lind, 29 Ills. 24. While the statute makes the liens equal, it does not deprive a party of any advantage he may gain by the exercise of superior diligence. If one creditor who is exactly equal to another as regards liens, by energy, perseverance and diligence, discovers property whereon to levy and make his money, justice demands that he shall reap the fruits of his industry. He may have gone to great labor and expense in investigating records and ferreting out and bringing to light property out of which to satisfy his execution ; and to allow another person who had slept on his rights, and neither encountered labor or furnished money, to stand on an equality with him, would be inequitable,. " *Vigilantibus, non dormientibus, jura subveniunt.*" The laws assist those who are vigilant, not those who sleep over their rights. We are well satisfied, on principle, that where judgment liens are equal, one judgment creditor can get priority over another by his superior vigilance and watchfulness. The execution issued on the judgment rendered in favor of Brown was fairly entitled to priority, as it was first placed in the hands of the officer, and the levy and sale were made under it ; and the money could not be diverted from it and applied to others subsequently issued, and under which there was neither levy nor sale.

Judgment affirmed. Judge Holmes concurs ;. Judge Lovelace absent.