GEORGE PARKER, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Practice, Civil — Appeal — Supersedeas.*—In ordinary cases the effect of perfecting an appeal is to render inoperative the judgment of the lower court. The judgment is suspended, and no proceedings can be had under or by force of it, after the appeal is actually taken.
2. *Practice, Civil — Executions, stay of — Construction of statute.*—The sixty-seventh, sixty-eighth, and sixty-ninth sections of chapter 160, pp. 648–9, Gen. Stat. 1865, simply give a party the privilege, and enact the means, of taking steps in vacation to have the further proceedings on an execution stayed until he can be heard in court as to whether it should be set aside or quashed. The proceeding is not exclusive, and does not prevent the usual resort to a motion to set aside or quash at the return term in open court.
3. *Practice, Civil — Appeal — Judgments on motions.*—The Supreme Court will review the decisions of the inferior courts upon judgments rendered on motion.
4. *Practice, Civil — Appeal — Judgment on motion to quash — Bond — Supersedeas.*—An appeal from a judgment overruling a motion to quash an execution operates as a *supersedeas* of the judgment upon which the execution issued, upon the filing of a sufficient bond; and in such case an order could be entered of record, staying the execution till the appeal is determined. But

the bond must comply with the requirements of the statute (Gen. Stat. 1865, § 12, p. 685), and be conditioned for the performance of the judgment as well as the payment of all damages and costs which may be awarded against the appellant in the Supreme Court. If not so conditioned, it does not stay the execution or have the force and effect of a *supersedeas*.

5. *Executions — Sales, when set aside — Inadequacy of consideration — Misunderstanding of parties.* — The mere fact that lands are sold under execution for an inadequate price would not of itself be sufficient ground to set aside the sale. But where the evidence showed that the property was sold for a price grossly inadequate, after the hour in the day when other sales were made and competition was free, and without the consent of defendant's counsel, the sale should be set aside on motion. To retain property sold for a grossly inadequate price, the vendee should be guilty of no misconduct, and should act with the most exact good faith.

## Appeal from Fourth District Court.

*Carr*, and *Hall & Oliver*, for appellant.

I. This is in the nature of an equitable proceeding praying summary relief, and this court will review both the facts and the law.

II. The filing and approval of the recognizance for an appeal to the Supreme Court, and granting the same, operated as a *supersedeas* of said execution. (R. C. 1855, ch. 128, § 12, p. 1287.)

III. There was a gross inadequacy of price in this case. This being true, "courts will require that there be a strict regularity in the proceedings." (Nelson v. Brown, 23 Mo. 21; 6 Wend. 524.) It is the policy of the law that sheriffs' sales should be conducted with fairness and regularity; and if a purchaser participates in any unfairness or irregularity, it will vitiate his purchase. (Nelson v. Brown, 23 Mo. 14; Neal v. Stone, 20 Mo. 294; Wooton v. Hinkle, *id.* 290; Stewart v. Nelson, 25 Mo. 309; Miltenberger v. Morrison *et al.*, 39 Mo. 71.)

IV. Ruby, the purchaser, was the agent of the respondent, and, as such, he is not regarded as a *bona fide* purchaser. Whatever fraud or irregularity will vitiate the purchase in the hands of the one will likewise vitiate in the hands of the others. (Gott v. Powell *et al.*, 41 Mo. 416; Stewart v. Croes *et al.*, 5 Gilman, 442; Day *et al.* v. Graham *et al.*, 4 Gilman, 389; Groff v.

Jones, 6 Wend. 524; Han. & St. Jo. R.R. Co. v. Brown & Lander, 43 Mo. 294.)

*Prewitt*, for respondent.

I. The execution takes its validity from the original judgment. A recognizance only operates as a *supersedeas* to the judgment appealed from. In this case the court overruled the motion to quash, and gave judgment in favor of plaintiff for costs. Hence, the recognizance only prevented plaintiff from taking out execution for the costs of the motion to quash until the judgment was affirmed by the Supreme Court. The recognizance was no security for the debt for which judgment was originally given. (Gen. Stat. 1865, §§ 11, 12, 17, p. 648; Ruby v. Han. & St. Jo. R.R. Co., 39 Mo. 480.)

II. A mere motion to quash does not enjoin the execution. If defendant desires to enjoin the sheriff until his motion to quash can be heard, he must resort to a court of chancery for an injunction, or proceed in the manner pointed out by the statute to stay it. (Gen. Stat. 1865, §§ 6–9, p. 648.)

III. If a motion to quash does not enjoin the sale, an appeal from the judgment overruling the motion to quash can not have that effect.

IV. Sales will not be set aside for mere inadequacy of price. (Hammond v. Scott, 12 Mo. 8.)

V. The sale was made between the hours prescribed by law. (Gen. Stat. 1865, § 45, p. 645.)

WAGNER, Judge, delivered the opinion of the court.

The defendant filed its motion to quash an execution in the Macon County Circuit Court, at the return term thereof, on the morning of the day on which property was to be sold to satisfy the same. By consent of counsel the motion was at once taken up, and overruled by the court. To the ruling of the court the defendant at the time excepted, prayed for an appeal, filed its affidavit and recognizance, and the appeal was perfected.

It seems that there was an attempt made between the respective attorneys who represented the parties to arrange and compromise

the debt which the property was levied upon to satisfy, and that it was mutually agreed upon between them that there should be no sale at the time other property was sold on execution that day. Carr, the defendant's attorney, swears that it was his opinion that the appeal operated as a *supersedeas*, and that his understanding of the agreement was that there was to be no sale at that term of the court, and that the matter was to rest until the result of the pending appeal was determined; while Dysart, the attorney for the plaintiff, who had the management of the execution, states that he did not intend that the sale should be entirely stopped, but only postponed to await the result of their negotiations. The sheriff's sale took place at half-past one o'clock, but the lands levied on to satisfy this execution were not sold at that time. After the regular sales were over 'and the bidders had dispersed, at about half-past four o'clock in the afternoon, Ruby, who acted as agent for the plaintiff, ordered the sheriff to proceed to sell the land, which he did accordingly. The defendant's attorney, being notified thereof when he was busily engaged in court, paid no attention to it. Under the sale, two hundred and forty acres of land, worth from eight to ten dollars an acre, were sold at a fraction over nine cents per acre—Ruby being the sole bidder and purchaser. A motion was then filed to set the sale aside, which was overruled, and exceptions duly saved. After an affirmance of the ruling of the Circuit Court in the District Court, the defendant appealed.

Two questions are presented: First, whether the appeal taken from the judgment of the court overruling the motion to quash operated as a *supersedeas*, and stayed all further proceedings on the execution; and, second, whether the court erred in refusing to set aside the sale. In ordinary cases the effect of perfecting an appeal is to render inoperative the judgment of the lower court. The judgment is suspended, and no proceedings can be had under or by force of it, after the appeal is actually taken. This position is not denied by the counsel for the respondent, but he contends that, as the execution derives its force from the judgment, nothing but an appeal from the judgment itself will have the effect of suspending the execution.

It is further argued that the statute concerning executions has pointed out a method by which executions may be stayed in the Circuit Court, and that that method has not been pursued in the present case. The sixty-seventh section of the statute referred to provides that if any person, against whom any execution shall be issued, apply to any judge of the court out of which the execution or order of sale may have been issued, by petition, verified by oath or affirmation, setting forth good cause why such execution ought to be stayed, set aside, or quashed—reasonable notice of such intended application being previously given to the opposite party, his attorney of record, or agent—such judge shall thereupon hear the complaint. The sixty-eighth section provides for giving recognizance for the debt, damages, and costs, where the judge shall be of the opinion that the execution should be stayed, set aside, or quashed; and the sixty-ninth section directs that the judge shall return such petition and proceedings thereon, duly certified, to the court out of which the execution was issued or order of sale is made returnable, and the clerk of the court shall enter the same upon his motion docket; that the court shall hear and determine the same in a summary way, according to right and justice, and may award a perpetual stay of such execution or order of sale, or may order the execution or order of sale to be enforced.

This statute simply gives the party the privilege of applying to a judge in vacation or at chambers, and procuring a preliminary or interlocutory order for the stay of an execution upon certain terms. The order made by the judge is not final; but his actions and proceedings are certified to the court, for hearing and judgment, in term time. Nothing is said of the effect of an appeal from the final judgment of the Circuit Court on the motion.

This statute enacts a means by which a party may take the initiatory steps in vacation to have the further proceedings on an execution stayed till he can be heard in court as to whether it should be set aside or quashed. But the proceeding is not exclusive, and does not prevent the usual resort to a motion to set aside or quash at the return term in open court.

This court will review the decisions of the inferior courts upon

judgments rendered on motions (Bruce v. Vogel, 38 Mo. 100 ; Parker v. Waugh, 34 Mo. 340) ; and the question now is, what part of the proceedings are suspended or stayed when the appeal is taken from a judgment on a motion ?   The practice act enacts that the appeal shall stay the execution when the appellant, or some responsible person for him, together with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into a recognizance to the adverse party in a penalty in double the amount of whatever debt, damages, and costs, or damages and costs, have been recovered by such judgment, together with the interest that may accrue thereon, and the costs and damages that may be recovered in the Supreme Court on the appeal, conditioned that the appellant will prosecute his appeal with due diligence to a decision in the Supreme Court, and shall perform such judgment as shall be given by the Supreme Court, or such as the Supreme Court shall direct the Circuit Court to give ; and that, if the judgment of such court, or any part thereof, be affirmed, he will comply with and perform the same as far as it may be affirmed, and will pay all damages and costs which may be awarded against the appellant in the Supreme Court.

It is true that the statute here speaks literally of the debt, damages, and costs which have been recovered by the judgment— meaning, unquestionably, the judgment from which the execution issued.

It has been the practice in a large portion of the State, where an appeal was taken from a judgment overruling a motion to quash, to regard it as a *supersedeas* upon the filing of a sufficient bond.   In such cases an order is generally entered of record, staying the execution till the appeal is determined ; and this is the proper course to pursue.   But the bond in such a case should not be a mere bond to pay the damages and costs awarded against the appellant by the Supreme Court.   It should be a bond to fully indemnify the respondent, insuring him the payment of the debt, damages, and costs which he has recovered by his judgment. When this is done, the court should stay the execution, pending the appeal, and not compel the party to institute a new suit by

injunction, to accomplish his object, when it is just as well secured by the bond filed.

In looking into the bond given by appellant in this case, I find it deficient. There is no indemnity to the respondent to secure the debt, damages, and costs recovered in his judgment. The only undertaking is to be responsible for the damages and costs awarded by the appellate court; and the vital part of the statutory provision, which gives a *supersedeas* because the plaintiff in the judgment is secured, is left out. The bond, therefore, did not and ought not to be allowed to stay the execution and have the force and effect of a *supersedeas*.

The next question is, did the court err in overruling the motion to set aside the sale? The mere fact that the lands sold for an inadequate price would not of itself be a sufficient ground to set the sale aside. But when a man obtains an estate worth thousands for a mere pittance — a few dollars — if he is permitted to retain the same, it is necessary that he should have been guilty of no misconduct, and that he should have acted with the most exact good faith.

It is conceded by all that the sheriff was ordered not to sell on the execution. Whilst it was the understanding of one party that the postponement was to be final and amount to a complete abandonment of the sale during the term, the other party says that he intended the suspension to be merely temporary. It was a mutual misapprehension; and we must only examine into the result. If defendant's attorney was not misled, or was heedlessly misled, he can not take advantage of his own inattention. But the fact is patent that the sale was held up by the directions given to the sheriff, and did not take place when the other property was sold, and while the bidders were assembled. The property was not sold in the usual manner; by order of the plaintiff's attorney, it was not put up when other lands were sold; and when the sales were completed the people went away. Afterward, late in the evening, to the surprise of the defendant's attorney, and when there were but few persons about the courthouse, Ruby, who acted as agent for the plaintiff, insisted on the land being sold, which was done accordingly; and by this

means he purchased an estate worth over $2,000 for less than $25. When property is thus sacrificed, it is the duty of the courts to narrowly scan all the attendant circumstances. Had the sale been made when the other property was sold on that day, and when the competition was free, we would not disturb it in consequence of the inadequacy of consideration ; but, in view of all the facts, the sale ought not to be permitted to stand, and the court should have set it aside.

The judgment will be reversed and the cause remanded, but the appellant will be ordered and adjudged to pay the costs. The other judges concur