SLAGEL, ADMINISTRATOR OF SNIDER, PLAINTIFF IN ERROR V. MURDOCK.

1. **Final Judgment**: APPEAL: MOTION FOR NEW TRIAL: IRREGULAR EXECUTION. An order of the circuit court adjudging an execution to be void for irregularity, and directing the sheriff to pay to the defendant in the execution, the money made by the sale of his property under it, is a final judgment, from which an appeal will lie; and no motion for a new trial need be made in order to secure a review of the judgment in the appellate court.

2. **Irregular Execution, How Cured**: THE DOCTRINE OF RELATION: Where injustice will be done to one party by permitting another to take advantage of a technical irregularity in an execution, growing out of the fact that the judgment of the circuit court was irregularly affirmed by the appellate court, a subsequent regular affirmance will be held to relate back, so as to cure the irregularity of execution. The doctrine of relation will not be invoked to maintain injustice; but is often relied on to prevent the perpetration of gross wrong.

3. ————————: ESTOPPEL: When the defendant in an execution irregularly issued on a valid judgment, stands by and sees his property sold under it, without an effort to arrest the sale, he cannot afterwards claim the proceeds on the ground of the irregularity.

*Error to Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

*Martin L. Clardy* and *J. C. Noel*, for plaintiff in error, cited Wag. Stat. 792, § 18; *Willburn v. Hall*, 17 Mo. 471; *Walter v. Tabor*, 21 Mo. 75; Toler on Execution, pp. 266, 447; Rorer on Judicial Sales, §§ 580, 581.

*Henderson & Shields*, for defendant in error, cited *Slagel v. Murdock*, 52 Mo. 521; S. C. 51 Mo. 175: Wag. Stat. 1069 § 45, 1070 § 50; *Parker v. Han. & St. Jo. R. R.* 44 Mo. 415; Wag. Stat. 1068 § 37, 601 §1; *Bain v. Chrisman*, 27 Mo. 293.

HENRY, J.—Alex. B. Snider, administrator of the estate of Oliver E. Snider, on the 11th day of December, 1871, obtained a judgment in the circuit court of St. Francois county, against Lindsey Murdock for $1,530.37 and $262.27 costs. Murdock appealed to the Supreme Court, and on

the 19th of November, 1872, without any suggestion of plaintiff's death, which occurred January 1st, 1872, the judgment of the Circuit Court was affirmed. The mandate of the Supreme Court on that affirmance was filed with the clerk of the St. Francois Circuit Court, December 9th, 1872, and on the 19th of that month the clerk of said court issued an execution, directed to the sheriff of Bollinger county, in favor of John Slagel, administrator *de bonis non*, who had been appointed to succeed the deceased administrator on the 13th of February, 1872. It was delivered to the sheriff of Bollinger county on the 21st of December, 1872, and on the 23rd was levied on lands in said county belonging to defendant, and, on the 23rd of March, 1873, was levied on personal property of said defendant. The sheriff duly advertised that he would sell the property on the fifth day of February, 1873, at the February term of the Bollinger Circuit Court, but by an act of the General Assembly, approved January 23rd, 1873, the time of holding said term was changed to the first Monday in March, 1873, and on the 12th day of March, 1873, the corresponding day of the February term, at which the property had been advertised to be sold, the sheriff sold the property, and realized on said sale, $2,167.50, and, after paying costs, had in his hands $1,646.60, to be applied on the execution, and returned it, satisfied in full. On the 31st of March, 1873, the Supreme Court, for reasons not appearing of record, but which do appear in the opinion of the Supreme Court in the case of *Slagel, Adm'r v. Murdock*, 52 Mo. 521, set aside said judgment of affirmance, and John Slagel, administrator *de bonis non*, appeared, and by consent of parties, was substituted as plaintiff, and the judgment was again affirmed. It will be perceived that the execution was issued after the first affirmance of the judgment by the Supreme Court. It was received and levied upon the property of the defendant and the property advertised for sale, before that judgment of affirmance was set aside, which occurred only twelve days before the sale. The statute provides (Wag. Stat. 792 § 18) that "where a judg-

ment shall have been, or may hereafter be had in the name of an executor or an administrator, execution thereafter may be sued out, or an action thereon maintained by the administrator *de bonis non,* upon his filing in the clerk's office of the court in which such judgment was rendered, a certified copy of his letters of administration *de bonis non."* We assume that the administrator *de bonis non,* before the execution was issued, complied with the requirements of that section, as the contrary is not alleged. The defendant filed his motion in the circuit court of St. Francois county to quash said execution and require the sheriff to pay to him, instead of the plaintiff in the execution, the money in his hands. The circuit court of Cape Girardeau county, to which, on the application of Murdock for a change of venue, the cause was sent, sustained the motion, and from the judgment of that court on the motion, Slagel the administrator, has appealed to this court.

Messrs Henderson & Shields, counsel for Murdock, contend that it was not such a final judgment as an appeal lies

1. FINAL JUDG-MENT: APPEAL: Motion for new trial: Irregular execution

from, but this court held otherwise in *Parker v. Waugh,* 34 Mo. 340 ; *Bruce v. Vogel,* 38 Mo. 100 ; *Bain v. Chrisman,* 27 Mo. 293. They also contend that if an appeal lie, there should have been a motion in the lower court for new trial or review, in order that that court might have an opportunity to correct its own errors if any were committed. In *Bruce v. Vogel* and *Parker v. Waugh, supra,* it was directly decided that an appeal would lie from a decision of an inferior court on a motion, although the points of law be not specifically stated in the bill of exceptions, nor a motion for a new trial be made.

The appeal bond operated as a supersedeas, and counsel for defendants contend that the issuing of the execution was

2. IRREGULAR EX-ECUTION: How cured: The doctrine of Relation.

unauthorized until the final disposition of the cause, and that, therefore, the judgment of the court on the motion to quash and require the sheriff to pay to the defendant in the ex-

ecution the proceeds of the sale of the property was right and proper. The defendant did not ask the court to set aside the sale, which would have left the plaintiff an opportunity still to make his debt, but virtually, to confirm the sale on plaintiff's execution and order the sheriff to pay the proceeds to the defendant in the execution. This strikes us as a very remarkable request. If he had asked the court to set aside the sale for the irregularities, there would have been some color of fairness in the proposition, and the judgment of the court in his favor on such motion, might have been, we do not say it would have been, sustained; but virtually to enter a judgment confirming and approving the sale, and at the same time requiring the sheriff to pay its proceeds to the defendant in the execution, at once depriving plaintiff of the proceeds of the sale, and leaving the property in a condition that 'he could not proceed against it on another execution, is such glaring injustice that nothing but an overwhelming weight of authority would make us sanction it.

After the Supreme Court first affirmed the judgment, its mandate was sent immediately to the circuit court in which the judgment was rendered, and this removed the supersedeas, and authorized the clerk to issue the execution. Defendant says it was a void judgment, because the administrator *de bonis non* had not then been substituted as plaintiff in the Supreme Court, and the original plaintiff was dead. For this irregularity the execution might have have been quashed after that judgment was set aside, but defendant took no steps then to quash the execution; on the contrary, after the judgment was set aside and before the sale, he stood by and permitted the sale to proceed, and not until after the sheriff had sold the property and returned the execution satisfied, did he make any move in the matter. The issuing of the execution was 'but an irregularity. There was a valid judgment to sustain it, and the final affirmance of the judgment related back and cured that irregularity. The doctrine of relation will not

be invoked to maintain injustice, but is often relied upon to prevent such gross wrong as is here attempted. "Against mere irregularities, it is the policy of the law to sustain execution sales." Rorer on Judicial Sales, p. 31, Sec. 64. "A judgment of affirmance by the Supreme Court is understood to be a judgment that the circuit court proceed to execute its own judgment, which is pronounced to be valid and in full force." Napton, J., in *Meyer v. Campbell*, 12 Mo. 603. See also *Waller v. Tabor*, 21 Mo. 75; *Williams, Admr. v. Hale*, 19 Mo. 471.

The execution was issued in pursuance of a mandate of the Supreme Court. The judgment under which that mandate was issued was afterwards set aside on a mere technicality, and the judgment was again affirmed, and it cannot with any propriety be said that a judgment of the Supreme Court, in a cause pending therein, is a nullity. If the motion to quash had been made after that first judgment of affirmance was set aside and before the sale under the execution, it might have been entertained, but for the defendant to wait until the sale and return of the execution "satisfied," and then ask the court to quash the execution, which was already executed and *functus officio*, and require the sheriff to pay him the money, was asking the court to do injustice, and its judgment sustaining that motion is reversed and the motion overruled. All concur.

REVERSED.