G. W. WALLACE, Respondent, v. J. W. UNDERWOOD et al., Appellants.

**Kansas City Court of Appeals, November 19, 1888.**

32   473
60   172
32   473
99   527

**Practice**: ARBITRATION AND AWARD : MOTION FOR NEW TRIAL IN CASE OF JUDGMENT UPON : CASE ADJUDGED. In all instances, errors alleged to have occurred during a trial, and the exceptions taken thereto, should be set forth in a bill of exceptions, and by this means become a part of the record for review, and in nearly all instances there should be a motion for a new trial made by the complaining party, pointing out the error alleged, so that the trial court may have opportunity for reconsideration. There are cases, however, where this rule of practice is held not to apply to motions,— as where the petition was held as not stating facts sufficient to constitute a cause of action. But cases under the statute as to arbitrations are not within the principle of these exceptional cases ; and a motion for new trial is necessary in such cases, and if not made in due course, the judgment will be affirmed.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

The case is stated in the opinion.

*Phelps & Brown* and *McReynolds & Halliburton,* for the appellants.

(1) A written submission to three arbitrators will support an award by one, where only one heard the case, where both parties were present at the hearings

and consenting thereto. The submission would be modified by such consent. *Sweeney v. Vaudry*, 2 Mo. App. 353; Morse on Arbitration, 171; 6 Wait's Act. and Def. sec. 11; *Thompson v. Blanchard*, 2 Iowa, 44; *McShane v. Gray*, 13 Iowa, 504; *Woods v. Page*, 37 Vt. 252; *Bemus v. Clark*, 29 Penn. 253. The parties having agreed to dispense with two of the arbitrators appointed and agreed to proceed with the hearing before one only, it is too late to object to the award by one arbitrator after the plaintiff has taken all chances of an award in his favor and made no objection until the award was found to be against him. He having consented to go on before Jas. F. Daugherty as sole arbitrator, at the first meeting, is as much bound by the award as if Daugherty alone had been named in the written submission. *Akridge v. Patillo*, 44 Ga. 585; *Kile v. Chapin*, 9 Ind. 150. (2) The award was within the terms of the submission and covered all the matters presented to the arbitrator by the parties. It was sufficiently certain, definite and final; all that was necessary in order to arrive at the amount due defendants, under the findings of the arbitrator, was to strike a balance, or merely make an arithmetical calculation. Certainty to a common intent is all that is necessary in an award, and it is sufficient if the arbitrator considers and determines those matters only which were embraced in the submission. *Cochran v. Bartle*, 91 Mo. 636; 6 Wait's Act. and Def. 544, 545; *Carsley v. Lindsey*, 14 Cal. 390; *Akley v. Akley*, 16 Vt. 456; *Rush v. Davis*, 34 Mich. 190; *Benson v. White*, 101 Mass. 48; *Burrows v. Guthrie*, 61 Ill. 70. It is not indispensable that an award should state the precise amount to be paid, if nothing remains to be done in order to render it certain and final but ministerial acts or mathematical calculations. *Waite v. Barry*, 12 Wend. [N. Y.] 380; *Cochran v. Bartle*, 91 Mo. 638. Nor is it essential to the validity of an arbitration that it should adjust all matters of difference between the parties. *Pearce v. McIntire*, 29 Mo. 423. (3) Even if the books were not produced, it will not avail plaintiff.

as no such ground was urged in the motion to vacate the award. R. S. sec. 3557.

*Thomas & Hackney*, for the respondent.

(1) To entitle appellants to a confirmation of the award made by J. F. Daugherty and to a judgment thereon the agreement to submit the matters in dispute to him must have been in writing. R. S. 1879, sec. 327; *Woodbury v. Porter*, 9 Gray [Mass.] 18; *Bowen v. Lazalere*, 44 Mo. 383; *Francis v. Ames*, 14 Ind. 251; *Sargent v. Hampden*, 29 Me. 70. Under a statute requiring a submission to be in writing, an award made by an arbitrator appointed by parol, subsequent to the written submission, will not be entered of record as valid. *Jones v. Payne*, 41 Ga. 23. (2) Even though it be held that respondent might make a valid agreement by parol to dispense with the services of two of the arbitrators and submit the issues to J. F. Daugherty, yet as his agreement, as found by the court, was on the condition that all the books of the firm were to be produced, and such condition was not complied with, respondent was not bound by the award. (3) There was no error committed by the court in sustaining respondent's motion to vacate the award. The arbitrator failed to comply with the terms of submission by not examining all the books and the award was not a definite, mutual and just finding of the matters in dispute. R. S. 1879, sec. 335. (4) No objections having been made or exceptions taken to the introduction of evidence, no declaration of law asked or given, and no motion made by appellants for a new trial, nor motion to set aside the judgment setting aside the award, the appellate court will not reverse the finding and judgment of the circuit court. *Long v. Towle*, 41 Mo. 398; *Collins v. Sanders*, 46 Mo. 389. The practice on appeal in this case is the same as in other civil cases. R. S. 1879, sec. 347; *Rotchford v. Cremer*, 65 Mo. 49; *State ex rel. v. Burckhartt* 83 Mo. 430; *State ex rel. v. Hurlstone*, 92 Mo. 327.

*Phelps & Brown* and *McReynolds & Halliburton*, in reply.

(1)   It will be observed that the judgment in this case was rendered upon the motion filed by plaintiff to set aside the award of the arbitrator, which motion and the action of the court thereon are preserved of record by the bill of exceptions. (*a*)   Our supreme court has repeatedly held that when the case is disposed of upon motion it is not necessary to file a motion for a new trial in order to review the action of the court below. The case of *Parker v. Waugh*, 34 Mo. 340, is exactly in point.   A motion was made in that case for a rule on the sheriff of Boone county requiring him to pay certain executions, which motion was overruled, and an appeal taken from the action of the circuit court in overruling said motion.   Judge Bates speaking for the court says: "It is insisted that this court cannot review the decision of the circuit court upon a motion, because there was no motion for a new trial made. It has not been the practice of this court in reviewing the decisions of other courts upon motions to require   *   *   *   that a motion for new trial should be made." (*b*)   This question again came in review in the celebrated case of *O'Connor v. Koch*, 56 Mo. 253.   The court in that case says :   "It is objected in this court by defendant, that no motion for a new trial was filed in the circuit court, and that, therefore, this court will not review the errors of the court below.   It is very true, that in most cases a motion for a new trial is necessary in order to bring the matter complained of to the attention of the trial court and save matters of exception which occurred in the progress of the trial.   *   *   *   But when the whole case is decided upon demurrer to the petition, and judgment rendered thereon, or when the case is dismissed upon motion, and the motion and the exceptions are preserved of record, by a bill of exceptions, so that the errors of the court appear upon the record, it is not usual or necessary to file a motion for a new trial for the

mere purpose of having the court to twice hear the same motion or demurrer." (c) In the case of *Jones v. Manly*, 58 Mo. 559, the court held that, where the motion to strike out an equitable defense and the action of the court thereon is preserved by the bill of exceptions, there was no necessity for referring to it in a motion for a new trial. The case is too clear for serious argument, or to demand the support of authorities. The cases cited by defendant's counsel in support of their position, viz., *Rotchford v. Cremer*, 65 Mo. 49 ; *State ex rel. v. Burckhartt*, 83 Mo. 430, and *State ex rel. v. Hurlstone*, 92 Mo. 327, will be found on examination to bear no analogy to the case at bar. The question in these cases arose on exceptions filed to reports of referee and a perusal of the opinions will show that the court reached its conclusions because the report of a referee was treated and considered as equivalent to a special verdict of a jury. (2) The authority of a decision is necessarily limited to the points decided. Now what was the question directly presented for adjudication in those cases? It was that before the action of the trial court in confirming or modifying the report of a referee can be reviewed a motion for a new trial must be made. But in none of its essential features is that the case at bar, nor does it bear the slightest resemblance to it, indeed, there is no parallel at all between these three cases and the one now before this court. There is not the remotest similarity between the award of an arbitrator and the verdict of a jury. An arbitration is a domestic tribunal, created by the consent of parties litigant, and resorted to for the purpose of avoiding the expense, delay, and ill feeling consequent upon litigating in the courts, and so favored is this tribunal by our courts that they will not interfere with an award unless partiality or corruption can be shown, or the arbitrators have awarded on matters not submitted to them. This tribunal is entirely outside of and beyond the control or supervision of the courts, and is not bound by any legal rules whatever. But it is not

so in the case of a reference. The referee is an officer of the court; the finding of a referee stands as a special verdict, and the trial court has the right to correct, review or modify the findings of a referee, having direct supervision over the entire proceedings touching such reference. In no case, has it been held, or even intimated, that the action of the circuit court, in vacating or affirming an award of arbitrators, cannot be reviewed by the appellate court unless a motion for new trial was made.

ELLISON, P. J.—Matters of difference between the parties hereto were submitted to arbitrators. An award was made and filed in the circuit court of Jasper county. A copy of the award, together with a notice in writing that a motion would be made to confirm the same, was served on the plaintiff by defendants more than fifteen days as provided by statute. A motion to confirm was filed in pursuance of such notice; the plaintiff, on the same day, filed his motion to vacate and set aside said award for several reasons therein specified. Both motions were heard by the court at the same time, though in effect the trial turned on plaintiff's motion to vacate; evidence being heard on both sides of the issues presented. The result was a vacation of the award by the judgment of the court, to which defendants excepted and appealed to this court. No motion for new trial was made, and the question is presented whether we can take notice of the bill of exceptions or otherwise look into the case, save as it may be presented by the record proper. In all instances errors alleged to have occurred during a trial, and the exceptions taken thereto should be set forth in a bill of exceptions and by this means become a part of the record for review; and in nearly all instances there should be a motion for a new trial made by the complaining party, pointing out the errors alleged, in order that the trial court may have the benefit of reflection and reconsideration outside of the hurry and press of a trial, and thereby have an opportunity of correcting its own errors, thus saving the delay,

annoyance and expense of an appeal and rendering justice more speedily. There are cases, however, where this rule of practice is held not to apply to motions, it being said to be sufficient, in such instances, to appeal directly without asking for a rehearing The cases of *Parker v. Waugh*, 34 Mo. 340, and *Bruce v. Vogel*, 38 Mo. 100, were motions requiring sheriffs to apply money on certain executions. These were in effect overruled in 39 Mo. *Slagel v. Murdock*, 65 Mo. 522, and *Parker v. Railroad*, 44 Mo. 420, were cases arising on motions to quash executions. In *State v. Newkirk*, 49 Mo. 474, the defendant, after having the case reversed and remanded by the supreme court, was on motion to the circuit court discharged from prosecution, for the reason that the supreme court had not, in terms, directed a new trial. The case of *O'Connor v. Koch*, 56 Mo. 253, was where the trial court dismissed a petition for the reason that plaintiff declined to reform it as ordered. In *Jones v. Manley*, 58 Mo., an equitable defense was stricken out on motion ; this action of the court was preserved by bill of exceptions, and it was held that it need not be mentioned in the motion for new trial. In *Butler v. Lawson*, 72 Mo. 227, an objection to the reception of any evidence, on the ground that the petition did not state facts sufficient to constitute a cause of action, was sustained. In each of these cases it was held that a motion for new trial was not necessary for a review of the questions presented.

Are these cases controlling of the questions before us, in the light of others to which I will refer? The statute of arbitrations contemplates not only that an award may be confirmed or vacated by the proper court, but that it may be modified or corrected, or a new hearing ordered before the arbitrators. It contemplates notice to the parties to come into court and contest the matters presented, and that a judgment may be rendered by the court after a hearing ; and when said judgment or order is that the award be vacated, "the party aggrieved may take his writ of error or an appeal, as

upon any other judgment of such court." R. S. 1879, sec. 347.

Recurring to the reason why a motion for a new trial is required, I am at a loss for a suggestion of why a matter of arbitration and award should be an exception to the rule, the necessity and benefit is as apparent in such case as in any other. The statute simply gives a summary execution to an award, which otherwise, at common law, would have been the subject of an action. And the questions to be determined by the court under either process or remedy are quite alike and equally as difficult. So far as concerns this question and the reasons upon which an answer to it should be based, the statute in reference to arbitrators and referees is much the same. The proceedings of referee and arbitrator are similar, though the arbitrator is less circumscribed. While I have not been able to find where the point now under consideration has been made in the case of the report of an arbitrator, there are three late cases in which it has been ruled by the supreme court, that in appealing from a judgment confirming or modifying the report of a referee, there must be a motion for a new trial, in order to have matters of exception reviewed. *State ex rel. v. Hurlstone*, 92 Mo. 327; *State ex rel. v. Burckhartt*, 83 Mo. 430; *Rotchford v. Creamer*, 65 Mo. 49.

These views lead to an affirmance of the judgment, and with the concurrence of the other judges, it is so ordered.