J. B. JOHNSON TO USE OF WILLIAM HEMMINGHAUS, Respondent, v. CASPAR GREVE *et al.*, Defendants; HERMINE MEYER AND HERMANN MEYER, Appellants.

St. Louis Court of Appeals, January 2, 1895.

1. **Executions, Stay of:** PURVIEW OF SECTION 4967 OF REVISED STATUTES. Section 4967, which provides for certain proceedings for the stay of an execution, applies only to a petition for such stay when made in vacation to the judge of the court out of which the execution issued.

2. ———: TIME OF APPEAL FROM DETERMINATION OF MOTION TO QUASH: EFFECT OF MOTION FOR NEW TRIAL. A motion for new trial, though not essential, is, nevertheless, permissible on the overruling of a motion to quash an execution. Accordingly an appeal, taken at the term at which such motion for new trial is overruled, is in time.

3. ———: INQUIRY INTO MERITS OF JUDGMENT ON MOTION TO QUASH. The merits of a judgment rendered by a court having jurisdiction can not be inquired into in the determination of a motion to quash an execution for the enforcement of it.

4. **Judgment:** PAYMENT BY ONE OF SEVERAL DEFENDANTS. A judgment is extinguished by the payment of it by one of the defendants, though an assignment of it is taken in the name of a third person; and an execution subsequently issued under it will be quashed on the motion of another defendant.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED (*with directions*).

*Joseph T. Tatum* for appellants.

*Lubke & Muench* for respondent.

ROMBAUER, P. J.—Section 4967 of the Revised Statutes of 1889, provides: "If any person against whose property any execution or order of sale shall be issued, apply to *any judge* of the court out of which the same may have been issued, by petition, verified by oath or affirmation, setting forth good cause why same ought to be stayed, set aside or quashed, reasonáble

notice of such intended application being· previously given to the opposite party, his attorney of record or agent, such judge shall thereupon hear the complaint." Succeeding sections of the statute provide for the terms on which such execution may be stayed, and further provide that the judge granting the stay shall return the petition and proceedings thereon to *the court* out of which the execution was issued, where the same shall be entered upon the docket, and heard and disposed of in a summary way.

It will be seen from the tenor of these provisions that they do not contemplate a petition filed in court, but an application to the judge of the court in vacation, it being the evident object of the statute to enable a party, against whose property an execution has been illegally issued, to stay proceedings thereon before the court convenes. The distinction between an application to the *court* by motion, and an application to the *judge* by petition, has been frequently pointed out. *Parker v. Railroad*, 44 Mo. 415; *Heuring v. Williams*, 65 Mo. 446; *Mellier v. Bartlett*, 89 Mo. 134.

The defendants Hermann and Hermine Meyer, mistaking the object of these provisions, filed in the court in term time a verified petition, asking that a certain execution issued out of that court against their property be stayed. The court made a temporary order to that effect upon their giving bond, and upon a subsequent hearing of the case refused to recall or quash the execution. This was done at the December term of the court. The petitioners thereupon filed their motion for new trial, which the court continued to the next succeeding term, at which term it overruled the motion. The defendants thereupon appealed.

A preliminary question arises in the case, namely, whether the defendants ought to have appealed at the December term, that being the term at which their

motion was finally denied, and whether an appeal taken by them at a subsequent term when their motion for new trial was overruled was a timely appeal. Whether a motion for new trial is essential, where the judgment appealed from is the sustaining or overruling of a motion which finally disposes of a cause, has been decided variously in this state. In *Parker v. Waugh*, 34 Mo. 340, and *Bruce v. Vogel*, 38 Mo. 100, it was held that it was not essential. In *Bishop v. Ransom*, 39 Mo. 417, it was held that it was, ignoring the former decisions. In *Slagel v. Murdock*, 65 Mo. 522, it was decided that it was not essential, and such was the decision in *Johnson v. Latta*, 84 Mo. 139. In *Wallace v. Underwood*, 32 Mo. App. 473, the Kansas City court of appeals, upon a review of former cases, holds with great propriety that the practice on the subject in this state is not well settled. In *Aultman v. Daggs*, 50 Mo. App. 280, we held that a decision of the motion by the trial court, which results in a final determination of the matter in controversy without a trial of the merits, will be reviewed on appeal, although there was no motion for a new trial. The only uniform rule which can be deduced from these decisions is that, while a motion for new trial in a case of this character is not indispensable, yet such motion is admissible where the inquiry is in the nature of an independent investigation upon evidence adduced, and the judgment upon such inquiry is a final disposition of the cause. A motion for new trial in such cases being admissible, though not essential, should be disposed of in the same manner as such motions are disposed of in other cases. This seems to have been the view entertaned by the court in *Bruce v. Vogel*, *supra*, where Judge WAGNER, after first deciding that a filing of the motion was not essential, adds: "A motion for new trial was *regularly made and overruled*."

Upon the trial of the motion the following facts appeared by uncontroverted evidence. The plaintiff Johnson obtained a judgment on a note for $200 against Greve, Krallmann, Shiefer, and Herman and Hermine Meyer, the last two being the appellants herein. Greve was the maker of the note, Krallmann his surety, Shiefer the payee, and the two Meyers indorsers. Greve and Krallman appealed from the judgment, but subsequently dismissed their appeal, and Greve paid the judgment and costs, but, instead of having the judgment satisfied, caused the same to be assigned to one Hemminghaus who was his surety on the appeal bond from the justice. Hemminghaus never paid anything for such assignment. After the judgment was thus assigned, the counsel of Hemminghaus, who incidentally represented Greve, likewise caused an execution to be issued thereon which is the execution sought to be enjoined in this proceeding.

The court upon the hearing of the cause, against the objection of the movers, admitted testimony tending to show that the note on which the judgment was founded was obtained from Greve by duress, and that Hermann Meyer was cognizant of that fact. The execution sought to be quashed was levied on Mrs. Meyer's property, and there was no evidence tending to show that Mrs. Meyer knew or ought to have known the defect in the original consideration. The evidence offered was objected to on that ground, among others, but it is not apparent how it was admissible for any purpose. When it appeared by uncontroverted evidence that the judgment was paid by one of the defendants therein, it became extinct, and an execution issued thereon thereafter was wholly unauthorized, and should have been quashed. *McDaniel v. Lee*, 37 Mo. 204; *Hull v. Sherwood*, 59 Mo. 172. The court can not upon a motion to quash inquire into the merits of the

original judgment, or into the supposed equities existing between the parties to the judgment. Such a motion, where the court rendering the judgment has jurisdiction, is based upon matters transpiring subsequent to the rendition of the judgment. *Merrick v. Merrick*, 5 Mo. App. 123.

The judgment is reversed and the cause remanded to the trial court with directions to quash the execution. All concur.