WILLIAM E. HILL, Plaintiff in Error, v. A. S. TAY-
LOR, Administrator, et al., Defendant in Error.

Kansas City Court of Appeals, April 27, 1903.

1. **Appellate Practice: MOTION FOR NEW TRIAL: EXCEPTIONS.**
In order to review a case on its merits by the appellate court the
motion for new trial with proper exceptions saved to its overruling
must appear in the bill of exceptions.

2. **Administration: SALE OF REAL ESTATE: NOTICE: HEIRS:
JURISDICTION.** In order for the probate court to acquire juris-
diction of a petition to sell real estate of a decedent to pay his
debts, there must be a showing of the notice required by the statute
to the heirs.

Error to Chariton Circuit Court.—*Hon. John P. Butler,*
Judge.

AFFIRMED.

L. N. *Dempsey* and *J. M. DeMoss* for plaintiff in
error.

(1) Appellant's contention is that the honorable
circuit court erred in dismissing appellant's appeal
from the judgment of the probate court. Secs. 146 and
150, R. S. 1899; Overton v. Johnston, 17 Mo. 449; Pattee
v. Thomas, 58 Mo. 173; Brown v. Woody, 22 Mo. App.
258. (2) Was a motion for a new trial necessary in
the case at bar? Wallace v. Underwood, 32 Mo. App.
478; Johnson to use v. Greve, 60 Mo. App. 170; O'Con-
ner v. Koch, 56 Mo. 261.

*Crawley & Son* for defendant in error.

BROADDUS, J.—This is a proceeding by plain-
tiff in error, a judgment creditor of the estate of James
D. Staples, deceased, under the statutes to compel the
defendant in error, as administrator of the estate of
said Staples, to sell the real estate of the decedent, or

so much thereof as may be necessary to satisfy plaintiff's lien of his judgment obtained during the lifetime of the deceased. The petition contains the following averments, viz.:

"First. That plaintiff had a just demand against the estate of the late James D. Staples, deceased, and that the same was, on the 27th day of February, A. D., 1894, classified by the probate court of said county, and assigned to the fourth class of demands.

"Second. That the personal estate of said decedent did not exceed the sum of four hundred dollars, and that the same was, by order of said probate court, duly of record, turned over to Mary L. Staples, widow of said decedent, as her absolute dower interest in the personal estate of her late husband, James D. Staples, deceased.

"Third. That said decedent died seized of the following described real estate, to-wit: The northeast quarter of the northwest quarter of section fourteen, and the southeast quarter of the southwest quarter of section eleven, all in township fifty-five, range eighteen, in Chariton county, Missouri, containing 80 acres, more or less.

"Fourth. That said decedent, during his lifetime, incumbered said real estate in the sum of $600, by a first mortgage lien to Chariton county, Missouri, for the use of the public schools, and that the same is still due and unpaid; that said mortgage lien and your petitioner's judgment lien, in the sum of two hundred and ninety-one dollars and seventy-eight cents, are the only unliquidated demands against said estate known to your petitioner.

"Fifth. That subsequently, to-wit: On the — day of ——, A. D., 1898, the said Mary L. Staples died, leaving the following-named minor heirs, to-wit: John Staples, aged thirteen years; Susie Staples, aged fifteen years; Henry Staples, aged seventeen years; and Louella Staples, aged nineteen years; and that said minor

heirs continue to use and occupy said real estate as a homestead, and that the same is of the value of $1,600 or more.

"Sixth. That your petitioner's judgment lien against said real estate was obtained during the lifetime of said decedent, and before he acquired a homestead in same, as will more fully appear by reference to said decedent's deed to said real estate, dated May 4, A. D., 1883, and recorded in book — at page — in the recorder's office, in Keytesville, Chariton county, Missouri, and a transcript of your petitioner's judgment lien herewith filed.

"Seventh. That the said A. S. Taylor, defendant herein, the duly appointed and qualified administrator of said estate, refuses to complete the administration of same by taking necessary steps, under sections 146, 147 and section 118, of the Revised Statutes of 1899, to sell decedent's real estate, or so much thereof as may be necessary to satisfy your petitioner's judgment lien, contracted during the lifetime of decedent, as aforesaid."

The defendant administrator was duly notified of the proceeding and defendant, one of the children and heir at law of James D. Staples, deceased, appeared and filed answer. When the cause came to a hearing on the 14th day of September, 1901, in the probate court, the administrator made default; and the court on the hearing of defendant's objection dismissed the case. Plaintiff appealed to the circuit court where his petition was again dismissed upon the ground assigned by the court that as the probate court did not acquire jurisdiction of the proceedings, because the minor defendants were not notified thereof, the circuit court acquired none on the appeal.

Under section 146, Revised Statutes 1899, it is made the duty of an executor or administrator in case the personal assets are insufficient to pay the debts due by the estate, to petition the court for a sale of the real es-

tate, or enough thereof to pay such debts. Section 147, idem, requires that such petition shall be accompanied by a true account of administration, a list of debts due to and by deceased unpaid, and an inventory of the real and personal estate and appraised value, and all other assets in the hands of the administrator. Section 148, idem; that when the petition and lists and account shall be filed, the court shall order that all persons interested in the estate be notified by publication, except those residing in the county, who shall be personally served with notice ten days before the term of court at which the order of sale is to be made. This section requires that heirs and devisees be notified. Section 149, idem, provides upon proof of publication and service of notice, as required, the court shall hear the testimony, and make the order of sale. Section 150, idem, provides that a creditor, or other person interested in the estate, may make the application by giving twenty days' notice to the administrator. "On such application the court shall order publication and notice as required in the preceding section." The record does not disclose that the minor heirs of deceased have been notified as required by the statute. It seems that the trial court held that for want of such notice the court acquired no jurisdiction, and that is the only question presented by the record, as there was no motion filed for a rehearing.

The plaintiff in error contends that in order to review the merits of the case such a motion was not required, and cites in support of his position Wallace v. Underwood, 32 Mo. App. 473; Johnson v. Greve, 60 Mo. App. 170; O'Connor v. Koch, 56 Mo. 253. But these cases do not apply to the one at bar. In Lilly v. Menke, 92 Mo. App. 354, the question was discussed, and it was there held that, in order to review the action of the trial court on the merits there must be a motion for a new trial and proper exceptions saved included in the bill of exceptions.

The question presented is one of record, viz.: Was

the court justified in dismissing the appeal for want of service of notice on the minor heirs of the decedent who were interested in the estate? The statute requires that they should have notice of the proceeding to obtain an order for the sale of the land, because they had an interest in the land as heirs at law. As an order for a sale of the land would, if carried out, affect such interest, they had the right to be heard and to show cause, if any existed, why such order should not be made; and no such order could be made unless such opportunity was afforded them. It is true, the probate court had jurisdiction of the subject-matter, but it was not authorized to act until the proper parties were legally notified. Sec. 544, R. S. 1899.

Finding no error of record the cause is affirmed. All concur.