## JOSEPH A. HESS, Respondent, v. THE APPLETON MANUFACTURING COMPANY, Appellant.

### Kansas City Court of Appeals, June 3, 1912.

1. **PLEADING: Contract: Filing Contract.** Where the allegations of the petition contain all of the constitutive elements of a cause for breach of warranty and an essential ingredient of a cause for false and fraudulent representations is missing, the action is for breach of warranty, and the contract, constituting the foundation of the action, or a sworn copy, must be filed with the pleading.

2. **PRACTICE, APPELLATE: Motion for New Trial: Bill of Exceptions.** Where a motion to require the contract, forming the basis of the action, to be filed, is overruled and no further pleading having been filed, judgment is entered and the action of the court in overruling the motion is preserved in a bill of exceptions, a motion for a new trial is not necessary in order to have the cause reviewed in the appellate court.

3. ————: **Record Proper.** A ruling on a demurrer or motion that strikes at the sufficiency of the petition, or that challenges the sufficiency of the steps taken to compel the other party to answer or be in default, is a ruling that relates to the record proper, and where such ruling is saved and preserved in a bill of exceptions, it may be taken to the appellate court for review.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

REVERSED AND REMANDED.

*Ellis, Cook & Barnett* for appellant.

(1)   A motion for new trial is not necessary to secure the review of the lower court's ruling on a motion such as that in question.   Parker v. Waugh, 34 Mo. 343; O'Connor v. Koch, 56 Mo. 258; Sternberg v. Levy, 159 Mo. 624; Butler v. Lawson, 72 Mo. 244; Rigdon v. Furguson, 172 Mo. 52; Aultman & Co. v. Daggs, 50 Mo. App. 288; Bowie v. Kansas City, 51 Mo. 459; Brewing Co. v. Ehlhardt, 139 Mo. App. 133; Johnson v. Latta, 84 Mo. 139.

*H. S. Julian* for respondent.

So all that the court will review on this case is the petition and the judgment, and as they are sufficient the court will not go into the appellant's proposition on the motion to compel plaintiff to file papers, because the trial court should have been given an opportunity to review its errors by the defendant filing motion for a new trial.   Taylor v. Brotherhood, 106 Mo. App. 214; Roden v. Helm, 192 Mo. 93; State v. Marshall, 36 Mo. 400; Brady v. Connolly, 52 Mo. 19; Hopper v. Hopper, 84 Mo. App. 117; Kirby v. Railroad, 85 Mo. App. 117; In re Estate of Pound, 91 Mo. App. 424; Donaldson v. Thompson, 120 Mo. 152.

JOHNSON, J.—Plaintiff alleges in his petition that on October 18, 1907, defendant offered to sell him a corn planter, a machine for gathering corn, and "in a written communication to the plaintiff made representations and referred to its guarantee on the back of a printed folder . . . in which the defendant represented and guaranteed by said writing and printing that said machine would pick ears of corn off the stalks whether standing or lying down and deliver the ears into a wagon driven beside the machine and guaranteed to husk clean a large proportion of the ears, etc. . . . and further represented and guaranteed

as aforesaid that said machine could be successfully operated with four horses. . . . and upon said representations and guarantee on the part of the defendant the plaintiff did on or about October 28, 1907, agree to purchase said corn picker and paid to the defendant the sum of two hundred and forty dollars for said machine and paid the freight . . . amounting to fifteen dollars.'' The petition further alleges that the machine would not do the work guaranteed and that plaintiff returned it to defendant paying return freight charges amounting to fifteen dollars. The damages are laid at $270, for which judgment is prayed.

The written guaranty referred to in the petition was not filed by plaintiff and defendant filed a motion that plaintiff be required to file either the original communication or a verified copy thereof. This motion was overruled. An exception to the ruling was saved and defendant elected to stand on the motion and refused to answer or plead to the petition. Thereupon the court heard the evidence of plaintiff and rendered judgment for him in accordance with the prayer of the petition. Defendant appealed.

The principal question for our determination is whether or not the court erred in overruling defendant's motion for a profert of the written instrument on which defendant claims the cause of action alleged in the petition is founded. The language of the petition does not clearly define the nature of the cause asserted by plaintiff. We have not quoted or referred to all of the allegations. The whole pleading leaves us in some doubt about the question of whether plaintiff intended to found his cause on the breach of a warranty or on false and fraudulent representations that induced him to purchase the machine. There is an essential difference between such causes. The first, i. e., an action for a breach of warranty is founded on contract while an action for false and fraudulent repre-

sentations is *ex delicto* and, therefore, cannot be said to be founded on contract though the representation be made in writing.

After a careful analysis of the petition we have come to the conclusion that since all of the constitutive elements of a cause for breach of warranty are found in the petition and an essential ingredient of a cause for false and fraudulent representations is missing, plaintiff intended to sue for breach of warranty and to allege a written contract executed by defendant as the foundation of his action. Such interpretation of the petition compels the conclusion that the court erred in overruling the motion for a profert of the written instrument.

Section 1844, Revised Statutes 1909, provides: "When any petition, or other pleading, shall be founded upon any instrument of writing charged to have been executed by the other party, or his testator or intestate, or other person represented by such party, and not therein alleged to be lost or destroyed, the same, or a copy thereof, verified by the affidavit of the party, shall be filed with said petition or other pleading: Provided, that the court may, when good cause is shown, require the production of the original when the same is not filed with such pleading, before the opposite party shall be required to plead."

Since a cause for breach of warranty must be founded on a contract it would appear to be too plain for argument that where the contract is alleged to be "an instrument of writing . . . executed by the other party" the statute requires such instrument or a verified copy thereof to be filed with the petition.

But counsel for plaintiff contend that the ruling on the motion is not before us for review for the reason that defendant filed no motion for a new trial or in arrest. "A motion for a new trial relates only to that which occurs during the trial" (Rigdon v. Ferguson, 172 Mo. l. c. 52), and has no relation to matters

pertaining to the record proper. A ruling on a demurrer or motion that strikes at the sufficiency of the petition or that challenges the sufficiency of the steps taken by plaintiff to compel defendant to answer or be in default is a ruling that relates to the record proper and where such ruling is saved and preserved in a bill of exceptions it may be taken to the appellate court for review. [Parker v. Waugh, 34 Mo. l. c. 343; O'Connor v. Koch, 56 Mo. l. c. 258; Sternberg v. Levy, 159 Mo. l. c. 624; Butler v. Lawson, 72 Mo. l. c. 244; Aultman v. Daggs, 139 Mo. App. l. c. 133; Johnson v. Latta, 84 Mo. l. c. 139.]

As is well said by the Supreme Court in O'Connor v. Koch, supra: "But where the whole case is decided upon demurrer to the petition, and judgment rendered thereon, or where the case is dismissed upon motion, and the motion and exceptions are preserved of record by a bill of exceptions, so that the errors of the court appear upon the record, it is not usual or necessary to file a motion for a new trial for the mere purpose of having the court to twice hear the same motion or demurrer. [Bruce v. Vogel, 38 Mo. 100; Parker v. Han. & St. Joe R. R. Co., 44 Mo. 415.]"

The ruling is properly before us. The judgment is reversed and the cause remanded. All concur.