## SHIRLEY v. BROWN, *Appellant.*

**Title: LIEN: PRIORITY.** Where two liens upon real estate are created by the same decree, priority will be given to the one upon which execution is first issued and levied, and a purchaser at a sale thereunder will secure a better title than that acquired by a sheriff's deed at a subsequent sale under the other lien.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Shewalter & Sebree* and *Mirick* for appellant.

The sale of the land under execution for costs, and the sheriff's deed read in evidence by defendant, is regular on its face and contains all the necessary recitals required by the statute, and it conveyed to defendant the legal title, and is prior in date to that of plaintiff. R. S. 1879, § 2392; *Hunter v. Miller,* 36 Mo. 147; *Chouteau v. Nuckolls,* 20 Mo. 442; *McIlwrath v. Hollander,* 73 Mo. 110, 111.

*Hale & Sons* for respondent.

EWING, C.—This is an ejectment suit by Shirley against Brown to recover possession of the west half of the northeast quarter of section 14, township 54, range 22, except twenty-five acres thereof.

The plaintiff offered in evidence a sheriff's deed reciting as follows: "Whereas, on the 12th day of March, 1879, judgment was rendered in the circuit court of the county of Carroll, in favor of Robert D. Ray and Thomas J. Brown and against James M. Gilson, the amount of said judgment so rendered in favor of the said Robert D. Ray being $150, and the amount adjudged in favor of the said Thomas J. Brown being the sum of $15.60, the whole amount of said judgment being for the sum of $165.60, and costs of suit. Which said judgment was made a special

charge and lien upon the following described real estate in Carroll county, Missouri: The west one-half of the northeast one-fourth of section 14, township 54, range 22, except about twenty-five acres lying west of a slough running through the west part of said west half, upon which judgment a special execution issued from the clerk's office of said court in favor of the said Robert D. Ray and Thomas J. Brown and against the said James M. Gilson, dated the 10th day of February, 1879, directed to the sheriff of the county of Carroll, and the same was to me delivered on the 11th day of February, 1879. By virtue of which said execution, I, the said sheriff, did, on the 15th day of February, 1879, levy upon and seize." Then describes the land of Gilson levied on as above described. The deed then proceeds to recite: "And having previously to the day of sale hereinafter mentioned, given at least twenty days' notice of the time and place of sale, and the real estate to be sold, and where situated, as the law directs, by advertisement in the Carrollton Journal, a newspaper published in my said county; by virtue of which said special execution and notice I did, on the 21st day of March, 1879,      *      *
at the March term thereof, 1879, expose to sale," etc. That Shirley became the purchaser for $5.

This was the plaintiff's case, and I have been thus explicit as to the recitals of this deed, as upon the deed the case principally turns.

The defendant objected to the reading of this sheriff's deed for "uncertainty of description." Defendant answered, putting in issue all the allegations of the petition; admitting possession, which was claimed to be lawful by virtue of the legal title; and pleading the two year statute of limitations. R. S. 1879, § 3219. Defendant then offered in evidence the record of a suit that had been pending in the circuit court of Carroll county, wherein one Burt was plaintiff and against Thomas J. Brown and James Gilson It was a suit in ejectment to recover the land now in controversy, and Gilson was decreed to pay the costs, $15.60, and

also $150 to R. D. Ray as an attorney's fee; and the decree by the terms of the compromise was to provide a lien for those sums, due as costs, and as Ray's fee in, their favor on Gilson's part of the land. Defendant then offered the execution that was sued out on the compromise judgment, dated June 24th, 1874. This execution recital shows that it was for the costs alone, and did not purport to include the Ray fee.

Defendant then offered the sheriff's deed made in pursuance of the sale under the foregoing execution, dated August 6th, 1874. It contained the usual recitals, date of judgment, December 19th, 1873; names of parties, Burt against Gilson; amount of judgment, $15.60, it being for costs, etc.; date of levy, 25th day of June, 1874, on Gilson's land (the land now in controversy); date of sale, 24th day of July, 1874; the name of the purchaser, Thomas J. Brown, and that he bought for $31.

Defendant then offered in evidence the record of a case in the Carroll circuit court of R. D. Ray against Thomas J. Brown and James Gilson, which was a suit to enforce the lien of Ray against Gilson's land as reserved by the decree in Burt against Gilson and Brown. In this case of Ray against Gilson and Brown, Brown answered, and amongst other things, set up that he was owner and had the title to the Gilson land against which Ray was proceeding, by virtue of his purchase and sheriff's deed in the case of Burt against Gilson and Brown. The record offered, showed judgment for Ray and Brown and a decree enforcing the lien reserved in the other case. This decree was against Gilson alone, (or rather against his land,) and in favor of Ray for his fee, and in favor of Brown for the $15 costs.

Defendant then offered to prove that at the sheriff's sale, at which he was the purchaser in the case of Burt against Gilson and Brown, R. D. Ray was present and bid at the sale; made no objection and gave no notice of any claim to said land. In the case of Burt against Brown and

Gilson, the decree says: "And it is further ordered and adjudged by the court, that the defendant, James M. Gilson pay all the costs of this suit and a fee of $100 to Robert D. Ray, and that said costs and said fee of $100 be and the same are hereby made a charge and lien upon that portion of said land to which said Gilson is entitled. *
* And it is further ordered by the court that there be hereof execution," etc. Under this decree, equal as a lien for the $100 fee and the costs, execution is issued for the costs alone, levied on the Gilson land, and Brown, the appellant, became the purchaser, and it is upon the sheriff's deed he received under this purchase, and which he offered in evidence, dated August 6th, 1874, that he claims the title. With this decree for a lien for the $100 fee in existence, Ray afterward commenced a proceeding (Ray against Brown and Gilson, and the record whereof was read in evidence), to enforce his lien. Brown answered, setting up his title in defense, and alleging that at the sale when he purchased, "Ray was present and bid, and set up no claim and made no objection to the sale." Ray obtained judgment, which goes on to say, "wherefore it is considered and adjudged by the court, that the said plaintiff, Robert D. Ray, have and recover of the defendant, James M. Gilson, the amount of his said fee and interest, $150, and that said defendant, Thomas J. Brown, the amount of the costs so paidby him, to-wit, $15," and that Gilson's land, describing it, "be subjected to sale by special execution to satisfy these sums."

Upon this judgment execution issued and the respondent, Shirley, became the purchaser; and it is under this sale and sheriff's deed he claims title. His judgment bears date, according to his deed, March 12th, 1879, and the deed August 26th, 1879.

Without reference to any supposed defect in deeds, who has the better title? The original liens were equal. Either or both were subject to be enforced by execution. The lien for costs was enforced by execution in 1874, and Brown,

the appellant, was the purchaser. The two liens, one for the Ray fee and the other for costs, were created at the same time and by the same decree; execution was sued out and levy made to enforce the lien for costs, which was fully authorized by the decree, but no steps taken as to the lien for the fee until after the sale under the other; and then a suit commenced to enforce a lien which already existed by a decree of the court, and which was by said decree authorized to be enforced by execution. The issue, levy and sale of the execution under which Brown, the appellant, purchased, gave the lien for costs priority over the other lien, under which no steps were taken until after the levy and sale above mentioned. Just as in two judgments rendered at the same term of court being by statute made equal liens on the defendant's real estate, (1 R. S., § 2731,) the one can obtain priority by issuing execution; so in this case we hold that the issue and levy of the execution for costs gave a priority in its favor over the other lien in the same decree, and the purchase thereunder by the appellant gave him a better title than that acquired by the sheriff's deed and under the subsequent sale. *Bruce v. Vogel*, 38 Mo. 100; *Burney v. Boyett*, 1 How. (Miss.) 39; *Adams v. Dyer*, 8 Johns. 347; *Rockhill v. Hanna*, 15 How. (U. S.) 189; *Smith v. Lind*, 29 Ill. 24.

The judgment is, therefore, reversed and the cause remanded without passing upon other questions reviewed in the record. All concurring.

Ray, J., not sitting.