HARTLE, *Appellant*, v. PETERMAN *et al.*

DIVISION ONE.

1. **Judgment Liens:** PRIORITIES: EXECUTIONS. Where a creditor holds several judgments of the same date and on one of them enforces sale under execution and shares in its proceeds, the purchaser will take title free from the liens of the other judgments.

2. ———: ———. Where levy and sale are made under one of two equal judgments, such levy and sale will give priority of right.

Hartle v. Peterman.

3. **The Charge of Fraud** in this case *held* not to be supported by the evidence.

*Appeal from Cape Girardeau Circuit Court.*—Hon. H. C. O'Bryan, Judge.

Affirmed.

*R. B. Oliver* and *W. H. Miller* for appellant.

(1) The three judgments assigned to Hartle were obtained at the same term of court and on the same day, January 5, 1885. Hence neither had priority over the other. R. S. 1889, sec. 6012. (2) All the judgments under which this land was sold were junior judgments except Randall judgment, and the purchaser took subject to the lien of the older judgments. R. S. 1889, sec. 6021. (3) It matters not that all three of these judgment liens are and were owned by plaintiff. *Bruce v. Vogel*, 38 Mo. 100; *Lathrop v. Brown*, 23 Iowa, 40; Freeman on Judgments [3 Ed.] sec. 377; Jones on Mortgages, secs. 566, 7, 8. (4) Ordinarily it is doubtless true that, when several judgment liens of equal date are owned by one person, a sale under one of such liens would carry the entire title discharged of the other liens. But not so when, as in the case at bar, two of the executions are quashed at the instance of the defendant in this suit, and an appeal taken and pending at time of sale. *Turner v. Adams*, 46 Mo. 95; Freeman on Judgments [3 Ed.] sec. 382. (5) To permit this respondent to hold the entire property under the sale had under the one judgment, would permit a party to take advantage of and profit by his own fraud. Such is not permissible. Freeman on Judgments [3 Ed.] sec. 350. This is the universal and uniform equity doctrine, and requires no citation of authorities. (6) Respondent is the father of the defendant in execution. Respondent was in court in person, and actively interesting himself when the two executions were quashed.

Respondent bought with full knowledge of all the facts, and promised to make the land pay all the debts. These are debts. The land was worth enough money to pay all debts. Respondent bought subject to all equities. Freeman on Judgments [ 3 Ed.] secs. 478, 328, 332, 333 ; *Griffith v. Judge*, 49 Mo. 537. ( 7 ) The answer of respondent undertook to plead estoppel, and estoppel only.. As such pleadings it will not bear the test of any of the following authorities : 2 Pom. Eq. Jur., secs. 812, 890, 1 and 2 ; *Rice v. Bunce*, 49 Mo. 231 ; *Balis v. Perry*, 51 Mo. 449 ; *Eitelgeorge v. Building Ass'n*, 69 Mo. 52 ; *Noble v. Blount*, 77 Mo. 235 ; 6 Lawson's Rights, Remedies & Practice, sec. 2701.

*Wilson Cramer* and *Linus Sanford* for respondents.

( 1 ) The bill sets up no cause of action. The bill on its face shows no equity. Adams' Equity [ 2 Ed.] top p. 313 ; 1 Story's Equity [ 8 Ed.] sec. 64 ( f). ( 2 ) It is the general rule that all judgments of the same term are equal; but, where a levy and sale are made under any of these equal liens, such levy and sale will give priority of right. *Shirley v. Brown*, 80 Mo. 244; Herman on Executions [ 1 Ed. ] sec. 207 ; Freeman on Judgments [ 2 Ed.] sec. 374 ; *Bruce v. Vogel*, 38 Mo. 100, and cases cited. ( 3 ) The appellant procured the sale of the real estate, and by his own acts is now estopped to deny respondents' title. Rorer on Judicial Sales [ 1 Ed.] sec. 442 ; Herman on Executions [ 1 Ed. ] sec. 230.

BRACE, J.—The petition in this case is in the nature of a bill in equity. In substance it charges : That on the tenth day of January, 1887, three several judgments were obtained in the circuit court of Cape Girardeau county in favor of parties therein named against John P. Peterman ; that afterwards the plaintiff became the owner of said judgments by assignment ;

that afterwards three several executions were issued thereon returnable to the August term, 1885, of said court; that said executions were levied upon certain real estate described in the petition; that at said August term the said John P. Peterman at the instance, suggestion and request of the defendant, Wm. M. Peterman, filed motions to quash two of said executions; that his motion was sustained and two of said executions were -quashed; that the sheriff proceeded to sell said real estate under the remaining execution; that the said defendant, Wm. M. Peterman, became the purchaser thereof, and received from the sheriff a deed therefor; that an appeal was taken by plaintiff from the judgment of the circuit court quashing said executions to the St. Louis court of appeals, where said judgment of the circuit court was reversed; that afterwards plaintiff sued out other executions on said two judgments, by virtue of which the premises were again sold and he became the purchaser thereof; that defendant Tucker is in possession of said real estate; that plaintiff is entitled to said realty, and to the possession thereof. Wherefore he prays the court to hear the testimony, and by its decree to fix and determine the respective interests of the parties therein, and for possession of so much of said realty as he may be entitled to, and for general relief.

It appears from the evidence that the real estate in question, of which the defendant, William M. Peterman, became the purchaser at the first sale, was sold under several executions on judgments rendered by the circuit court and transcripts of judgments rendered by justices of the peace, the senior judgment of those under which it was sold being one of the three judgments of which the plaintiff was the owner by assignment as stated in the petition; that the sale was duly advertised and made, and the deed executed according to law; that the defendant, William M. Peterman, became the purchaser at the price of $1,150; that he

paid the purchase money and received his deed, and the purchase money so paid was applied to the payment of the several executions under which it was sold, according to the priority of the judgment liens, the plaintiff receiving the full amount of his judgment, it being the senior of all the others ; that he and counsel representing him and the other judgment creditors were present at the sale, the attorney representing that the title would be perfect under the sale, and bidding upon the land until the price was run up to the sum at which it was knocked off to defendant Peterman ; that William M. Peterman is the father of the said John P. Peterman, and there was evidence tending to prove that he was in the courthouse at the hearing of the motions that were sustained quashing the two executions ; that he said about the time the land was to be put up that he would make it bring the amount of the debts upon it ; and, while there was evidence tending to prove that it sold for all it was worth, there was other evidence tending to prove that it was worth more ; enough to have paid the plaintiff's other two judgments in addition to the price paid for it by the defendant Peterman at the sale.

I.    It is obvious from the foregoing statement that the petition fails to state, and the evidence wholly fails to prove, any cause of action against the defendants, either at law or in equity.    The three several judgments that the plaintiff acquired from the three different parties in whose favor they were rendered, being of the same date, were each separate liens upon the property sold.    The defendant's title rests not alone upon the lien of subsequent judgments, but upon the lien of one of these senior judgments enforced by the plaintiff himself ; and the title acquired by the purchaser could not be subject to lien of plaintiff, not superior to the one enforced by him by sale, the proceeds of which he received.    In such case he cannot dispute the purchaser's title.    Herman on Executions, sec. 230.    Nor

does the fact that these were assigned judgments alter the case, for if the plaintiff is considered as to each one of them an independent creditor, standing in the shoes of his assignor, and as to each the mere representative of such assignor, the case would not be different; for it is well settled that when levy and sale is made under one of two equal judgments such levy and sale will give priority of right. *Shirley v. Brown*, 80 Mo. 244 ; *Bruce v. Vogel*, 38 Mo. 100 ; Freeman on Judgments, sec. 374 ; Herman on Executions, sec. 207 ; 7 Am. & Eng. Cyclo. of Law, 145.

II.    The effort for equitable relief on the ground of fraud charged in general terms in the petition against the defendant in procuring the two executions to be quashed has no evidence to support it; it amounts simply to proof that the defendant is the father of the execution debtor, and was in the courthouse when the motion to quash was heard by the court.    It is not seen how the remark made by the defendant that he would make the property bring the amount of debts that were on it could in any way be made the basis of a claim for equitable relief.    It was, if anything, a remark in the interest of the creditor, rather than against it, and there is no telling how much he would have made the property bring, if plaintiff's counsel had continued to bid against him.    The judgment of the circuit court is affirmed.    All concur.