THE CITY OF ST. LOUIS, A MUNICIPAL CORPORATION, PLAINTIFF APPELLANT, v. JNO. R. WALL ET AL., DEFENDANTS, ANNE M. EVANS (INTERVENER), RESPONDENT.—124 S. W. (2d) 616.

St. Louis Court of Appeals. Opinion filed February 7, 1939.

10

*E. H. Wayman, Jno. T. Hicks* and *Francis J. Sullivan* for appellant.

*Anne M. Evans* and *Newell S. Ferry* for respondent.

BENNICK, C.—This is an appeal from an order of the Circuit Court of the City of St. Louis sustaining a motion to quash a special execution issued upon a benefit judgment, and to set aside the sheriff's sale thereunder.

In 1924 the City of St. Louis instituted a condemnation proceeding in the circuit court for the purpose of the establishment and construction of a cut-off from Eighteenth Street both north and south to Chouteau Avenue, and on March 1, 1929, final judgment was rendered upon the commissioners' report, assessing a special benefit of $135 against the particular piece of real estate involved in this proceedings.

In 1929 the City of St. Louis brought a condemnation proceeding in the circuit court for the establishment, opening, and widening of Eighteenth Street from Chestnut Street southward to a point 224 feet south of Walnut Street, and on October 6, 1932, final judgment was rendered upon the commissioners' report, assessing a further special benefit of $45 against the same piece of real estate.

On January 10, 1936, special execution was issued at the instance of the City of St. Louis to the use of the Greater St. Louis Corporation upon the judgment of October 6, 1932 (the later judgment in point of time), and at the sheriff's sale under such execution, which was held on February 26, 1936, the property was sold to one Anne M. Evans, the intervener herein, and a sheriff's deed executed and delivered to her.

Thereafter, on September 20, 1937, special execution was issued at the instance of the city upon the judgment of March 1, 1929 (the earlier judgment in point of time), and at the sheriff's sale under such execution, which was held on October 18, 1937, the identical property was bought in by the city.

Following the sale to the city under the execution issued upon the judgment of March 1, 1929, Anne M. Evans, the purchaser of the property at the prior sale under the execution issued upon the judgment of October 6, 1932, intervened in the cause and filed her motion to quash the execution issued upon the judgment of March 1, 1929, and to set aside the sale to the city thereunder, the ground of her motion being that the prior sale of the property to her, after the giving of due notice as required by law, had served to extinguish the lien of the judgment of March 1, 1929.

The lower court sustained the intervener's motion; and from the order so entered, the city has perfected its appeal to this court by the usual course.

As the city suggests in its brief, the question before this court is whether the judgment rendered on October 6, 1932, was prior and superior to the judgment rendered on March 1, 1929, against the same property, and whether the sale to the intervener under the

execution issued upon the judgment of October 6, 1932, extinguished the lien of the judgment of March 1, 1929.

The lien of a benefit judgment which is rendered in the course of a condemnation proceeding brought by the city under its charter is created and provided for by Article XXI, section 8 of the Charter, which reads as follows:

"The court upon approving the commissioners' report shall render final judgment thereon reciting the report and adjudging that the city have and hold the property petitioned for, describing the same, for the purposes specified, upon payment of the damages less the benefits assessed in each instance; that so much of the report as is a judgment for benefits against specific property be a lien on such property for ten years from entry of the judgment, and prior to all other liens thereon; and that the city recover the respective benefits in excess of damages assessed in each instance against private property with interest from the date of judgment and have execution therefor. The clerk shall forthwith make and deliver a certified copy of such judgment to the comptroller, who shall record the same in a book kept and conveniently indexed for that purpose. The comptroller may, forthwith, and if no appeal be taken from such final judgment, he shall, at the expiration of the time for such appeal, forward a copy of the judgment to the board of aldermen; and within sixty days after the receipt of such copy, unless an appeal is pending, and, in no event later than sixty days after disposition of all appeals, the board of aldermen shall make an appropriation for the payment out of the city treasury of the damages assessed in favor of each party entitled less his benefits as determined by such final judgment, and the city treasurer, on warrant of the comptroller, shall cause payment to be made to the several parties entitled or into court for their use, as the case may require.

"Should the board of aldermen fail to make such an appropriation the judgment for damages shall be collected by the owners concerned as other judgments against the city are collected; and if any part of such assessment of benefits be not paid when due, special execution shall issue on request of the comptroller against the property charged with the lien, and proceedings thereunder shall conform, as near as may be, to the proceedings under special executions on ordinary judgments foreclosing liens on lands."

Thus it is to be observed that while the charter provides, not only that a benefit judgment shall be a lien upon the property for ten years from the date of entry of the judgment, but also that such lien shall be "prior to all other liens thereon," it unhappily makes no distinct provision for the order of priority as between the liens of successive benefit judgments such as were rendered against the piece of property involved in this proceeding.

The intervener argues that the necessary purport of the provision

that the lien of a benefit judgment which is rendered against a particular piece of property shall be "prior to all other liens thereon" is to accord priority to the judgment entered last in point of time, thus merely giving effect by legislative proclamation to the rule of reverse priority which obtains in the case of benefit assessments against private property in the absence of a specific provision for a contrary result to follow. [Jaicks v. Oppenheimer, 264 Mo. 693, 175 S. W. 972.]

If Article XXI, section 8, of the Charter were the only portion of it to be considered upon the question of the order of priority as between the liens of successive benefit judgments against the same property, there might be the better basis for the intervener's contention, though even then we think that the same would not be soundly reasoned when due regard is had for the purpose which the framers of the Charter were undoubtedly seeking to accomplish by its enactment. However it has already been determined that under the Charter the liens of benefit judgments and of special tax bills are on a parity (Stiers v. Vrooman (Mo. App.), 115 S. W. (2d) 84), and if this is so, then inasmuch as the charter has expressly put special tax bills upon a parity with one another (Art. XXIII, sec. 5), so likewise must the liens of benefits judgments be put upon a parity with one another, regardless of the time of the entry of the judgments. And not only do we think that this is the unmistakable implication to be drawn from the somewhat ambiguous provisions of the charter as a whole, but indeed such conclusion appears to be in consonance with the intent expressed in Article XXI, section 8, which is that the lien of every benefit judgment shall be prior to all other liens, or, in other words, a first lien, on the property, a result which could not be possible of accomplishment in each and every case unless the liens of successive benefit judgments were to be put upon a parity.

But even though the liens of successive benefit judgments against the same property have been impliedly put upon a parity by the charter, it does not follow from this that the owners or assignees of such judgments will in all events be entitled to share ratably in the proceeds of a sale of the property under execution, since it is held in this State that where two or more judgments creating liens upon real estate are of equal rank and standing, then priority will be given to the judgment upon which execution is first issued and levied. [Shirley v. Brown, 80 Mo. 244; Bruce v. Vogel, 38 Mo. 100; Bradley v. Heffernan, 156 Mo. 653, 57 S. W. 763; Hartle v. Peterman, 107 Mo. 355, 17 S. W. 894.]

Of course it is the judgment itself, and not the execution (as in the case of an execution to be levied upon personal property), that constitutes the lien upon real estate, which means that where the judgments are not of equal rank, executions, when issued, will take priority according to the priorities of their respective judgment liens.

But where the judgments are on a parity, it has been thought proper that the judgment creditor who first sues out execution and obtains a levy thereunder should reap whatever advantage may follow from his exercise of superior diligence, so that the proceeds of the sale under execution should first be applied to the satisfaction of his judgment, with the other lienholders relegated to any surplus remaining for the enforcement and satisfaction of whatever their respective rights may be. [Strawbridge v. Clark, 52 Mo. 21.]

If it may be suggested that the application of such rule of priority in the enforcement of the liens of benefit judgments tends to defeat the purpose sought to be served in putting them on a parity, the answer is that no inequitable result need follow if all existing liens against a particular piece of property are foreclosed at one and the same time. Under the terms of the charter, special executions upon benefit judgments issue only upon the request of the comptroller, and with this the situation, the rights of the city and its assignees in and under benefit judgments successively entered in point of time may readily be secured and protected whenever steps are initiated for the collection of any benefit assessment not paid when due.

But so far as this case is concerned, when execution was sued out upon the judgment of October 6, 1932, the city, which was a party to both condemnation proceedings, unfortunately took no action with respect to the enforcement of its lien under the judgment of March 1, 1929, with the consequence that title to the property passed to the intervener free and clear of the lien of the judgment of March 1, 1929, which lien, under the circumstances, was extinguished by virtue of the foreclosure of the other lien.

It follows that the order of the circuit court sustaining the intervener's motion to quash the execution issued upon the judgment of March 1, 1929, and to set aside the sheriff's sale thereunder should be affirmed, and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The order of the circuit court sustaining the intervener's motion to quash the execution issued upon the judgment of March 1, 1929, and to set aside the sheriff's sale thereunder is, accordingly, affirmed. *Hostetter, P. J.*, and *Becker* and *McCullen, JJ.*, concur.